MICHAEL L. KARMAZIN and ELIZABETH S. KARMAZIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Karmazin v. Commissioner
Docket No. 3486-74.
United States Tax Court
T.C. Memo 1976-262; 1976 Tax Ct. Memo LEXIS 144; 35 T.C.M. (CCH) 1148; T.C.M. (RIA) 760262; August 19, 1976, Filed; as amended September 28, 1976 *144 Held, the notice of deficiency was timely sent by certified mail to the petitioners. Held, further, failure to file and negligence penalties approved. Helene McG. Walker, for the petitioners. Eddy M. Quijano and Dean Chatlain, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Additions to Tax Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1965
$2,980.91
$745.23
$ 279.67
1966
3,891.85
1,298.08
389.25
1967
11,692.41
3,781.89
906.47
1968
8,033.66
2,008.42
761.24
1969
5,558.36
1,389.59
684.79
The parties have reached a stipulated agreement as to the amount of the deficiencies in tax for each year. The issues remaining for decision are: (1) Whether the Commissioner timely mailed his notice of deficiency to the petitioners by certified mail; (2) whether the petitioners' failure to timely file their Federal income tax returns for the years 1965 through 1969 was due to reasonable cause; and (3) whether the petitioners' underpayment of tax for *146 the years 1965 through 1969 was due to negligence. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Michael L. and Elizabeth S. Karmazin, husband and wife, maintained their residence in New Orleans, La., at the time of filing their petition herein. They filed their joint Federal income tax returns for the years 1965 through 1969 with the Internal Revenue Service Center, Austin, Tex.
Both the petitioners were attorneys during the years in issue. Mr. Karmazin was employed as an assistant district attorney, while his wife was a law clerk for a Louisiana State judge. To supplement their salaries, the petitioners began a private legal practice in 1965, using an office in their home. Since their marriage in 1943, Mrs. Karmazin had always prepared the petitioners' joint income tax returns. Beginning with their return for 1965, she experienced difficulties in completing the necessary tax forms. She sought assistance from the Internal Revenue Service, but did not receive the assistance that she considered necessary. Because she could not determine how they should report their income and deductions from their private *147 practice, she did not file timely returns for the years in issue. She did not seek any professional advice from a tax lawyer or an accountant. Mr. Karmazin did not assist his wife in preparing their tax returns for the years in issue. He testified that he timely signed and dated blank returns for each year, but such returns were not presented at trial, nor was their absence explained. He also testified that he was unaware that his wife had failed to file their returns for the years in issue, that he never asked her if she had filed their returns, and that he never asked her what their tax liability was for any of the years in issue. During the years 1965 through 1969, the petitioners and their family experienced various medical and personal problems. However, such problems did not prevent the petitioners from working other than for short periods. In November 1970, the petitioners took a 2-week trip to the Orient. When they returned, they received a letter from the IRS notifying them that the IRS had no record of their tax returns for the years 1967 through 1969. Between February 22 and March 1, 1971, the petitioners filed their returns for the years 1965 through 1969. *148 They did not file an "Application for Extension of Time to File" their income tax returns for any of the years in issue. On November 6, 1973, the petitioners were indicted for failure to timely file their income tax returns for the years 1967 through 1969. On January 17, 1974, Mr. Karmazin pled guilty to failure to file timely income tax returns for the years 1968 and 1969. The criminal indictment against Mrs. Karmazin and the charge against Mr. Karmazin for 1967 were dismissed. On February 21, 1974, the notice of deficiency was mailed to the petitioners by the District Director of Internal Revenue, New Orleans, La. An IRS employee filled out a Postal Service Form 3877-A indicating that a notice of deficiency was being sent by certified mail to the petitioners. The notice of deficiency and the Form 3877-A were taken to the post office where a postal clerk approved the manner in which the form was completed and stamped the date "FEB 1974 21" on the form. The postal clerk also stamped the envelope containing the notice of deficiency with the date and a "certified mail" mark. Although the notice of deficiency was mailed by certified mail to the petitioners' correct address, *149 it was returned to the IRS bearing a postal service mark indicating that the letter was returned as "unclaimed." The petitioners each testified that they never received any notification from the postal service that they had received a certified letter. The envelope returned to the IRS contained the following notation written in pencil: No Resp, Notified, 2519 [rest illegible], 2/22/74 It also had the following stamped notation: Name 1st Notice 2nd Notice Return 3/8
On March 19, 1974, the acting District Director sent the petitioners a copy of the notice of deficiency by regular mail. In this letter, he explained that the notice of deficiency had been sent by certified mail on February 21, 1974, so that the petitioners had 90 days from that date to file a petition with this Court. The petitioners thereupon timely filed their petition. OPINION The first issue to be decided is whether the Commissioner timely mailed the notice of deficiency to the petitioners by certified mail. Section 6501(a) provides the general rule that taxes must be assessed within 3 years after the return was filed.Section 6503(a) provides in part that the running of this period for *150 making assessment "shall (after the mailing of a notice under section 6212(a)) be suspended * * *." Section 6212(a) provides in pertinent part: If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitle A * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. The petitioners argue that the notice of deficiency was not timely mailed to them by certified mail since they were not given notice-of-arrival cards by the postal service when delivery of the certified mail could not be made, in violation of postal service regulations. Section 168.5(e) of the Postal Service Regulations provides: (e) Notice of Arrival. The carrier will leave a notice of arrival on Form 3849 if he cannot deliver the certified article for any reason. The article will be brought back to the post office and held for the addressee. If the article is not called for within 5 days, a second notice will be issued. If the article is not called for or its redelivery requested, it will be returned at the expiration of the period stated by the sender, or after 15 days if no period is stated. [39 C.F.R. sec. 168.5(e) *151 (1974).] The Commissioner argues that the postal service regulations were complied with, and that even if they were not, the notice of deficiency was timely mailed by certified mail within the meaning of section 6212(a). We agree with the Commissioner. The evidence clearly indicates that the Commissioner's agents timely mailed the notice of deficiency to the petitioners fulfilling all the postal service requirements for mailing by certified mail. The petitioners have cited no authority to support their argument that if the postal service fails to follow its regulations for giving notice-of-arrival cards when certified mail could not be delivered, the notice of deficiency will not be considered to have been mailed in accordance with section 6212(a). "A notice of deficiency which is properly mailed need not be received to be effective * * *." Anthony B. Cataldo,60 T.C. 522, 524 (1973), affd. per curiam 499 F. 2d 550 (2d Cir. 1974). Moreover, the petitioners have not convinced us that the postal service failed to follow its regulations for giving notice-of-arrival cards for the certified mail. There is a presumption that the letter carrier properly *152 performed his duty and left the notice-of-arrival card in the petitioners' mail box. DeLuca v. Walters, an unreported case ( D. Mass. 1974, 75-1 U.S.T.C. par. 9109, 35 A.F.T.R. 2d 75-481); cf. United States v. Ahrens,530 F. 2d 781 (8th Cir. 1976). The petitioners have attempted to rebut the presumption through their testimony that they did not receive any notice of the certified mail. However, the pencil markings on the envelope returned to the IRS indicate that the petitioners were notified of the certified mail.In view of this contradictory evidence, we find that the petitioners have failed to convince us that the postal service did not follow its regulations for the delivery of certified mail. Thus, the notice of deficiency was timely mailed to the petitioners by certified mail. The next issue to be decided is whether the petitioners' failure to file timely their joint returns for 1965 through 1969 was "due to reasonable cause and not due to willful neglect * * *." Sec. 6651(a). The taxpayer has the burden of proving that the failure was due to reasonable cause. Electric & Neon, Inc.,56 T.C. 1324 (1971), affd. without *153 opinion 496 F. 2d 876 (5th Cir. 1974); Rudolf A. Zivnuska,33 T.C. 226, 239 (1959); Estate of Frank N. Derby,20 T.C. 164, 170 (1953). Merely showing that the late filing was not caused by willful neglect does not satisfy the taxpayer's burden. Paula Construction Co.,58 T.C. 1055, 1061 (1972), affd. without opinion 474 F. 2d 1345 (5th Cir. 1973); Beck Chemical Equipment Corp.,27 T.C. 840, 858 (1957). Reasonable cause exists when the taxpayer establishes that he exercised ordinary business care and prudence to have the return filed timely. See sec. 301.6651-1(a)(1), Proced. and Admin. Regs.; Southeastern Finance Co. v. Commissioner,153 F. 2d 205 (5th Cir. 1946), affg. 4 T.C. 1069 (1945); Paula Construction Co.,supra.
The petitioners argue that there was reasonable cause for the late filing of their joint returns for the years in issue because of their family's medical and personal problems and because of Mrs. Karmazin's inability to understand and complete their tax returns. However, an objective view of the evidence clearly indicates that the *154 petitioners' excuses do not constitute reasonable cause for their failure to file timely their returns. The many medical and personal problems suffered by the petitioners and their family, while most unfortunate, clearly did not cause the long delay in the filing of their joint tax returns. Without attempting to comment on each of these problems, it is clear that such problems were not of such continuous nature as to prevent the petitioners from filing all the tax returns on time.Even if such problems constituted reasonable cause for some delay in filing, they clearly did not constitute reasonable cause for the petitioners' failure to file any of the returns for 1965 through 1969 until February of 1971. Moreover, Mrs. Karmazin testified that the reason they did not timely file their returns for at least some of the years in issue was due to her "inability to understand the complex income tax law." Yet, at no time did she seek assistance from either her husband or professional tax advisors. Ignorance of the law does not constitute reasonable cause. Andre Picard,28 T.C. 955, 961 (1957); Walter M. Joyce,25 T.C. 13 (1955). The complexity of their *155 tax problems cannot constitute reasonable cause for the late filing. See Glenn E. Edgar,56 T.C. 717, 762-763 (1971). If Mrs. Karmazin was unable to understand and complete the returns, reasonable business prudence should indicate, especially for someone of her training, that she should secure necessary assistance. Her failure to do so clearly indicates that there was no reasonable cause for the late filings in any of the years in issue.In view of that conclusion, we need not consider the issue of whether Mr. Karmazin's guilty plea to willfully failing to file a return for 1968 and 1969 collaterally estops him from raising the issue in this case. The third issue to be decided is whether the petitioners' underpayment of tax for the years in issue was due to negligence or intentional disregard of rules and regulations. Sec. 6653(a). The petitioners also have the burden of proof on this issue. Vaira v. Commissioner,444 F. 2d 770 (3d Cir. 1971), affg. on this issue 52 T.C. 986 (1969); Mark Bixby,58 T.C. 757 (1972); Terry C. Rosano,46 T.C. 681 (1966). Mrs. Karmazin's attempts to obtain assistance from *156 the IRS for 1965 do not establish that the petitioners were not negligent since, despite her inquiries, they failed to file timely returns without adequate cause for all of the years in issue. Additionally, the petitioners have stipulated that there are deficiencies in tax for each of the years in issue, but they have offered no explanation for such deficiencies. The fact that the petitioners cooperated with the IRS in reaching a stipulated agreement as to the amount of the deficiencies is not sufficient to establish that they were not negligent in underpaying their taxes. Consequently, we find that they have failed to carry their burden of proof. Rule 149(b), Tax Court Rules of Practice and Procedure; see Estate of Mary Mason,64 T.C. 651, 663 (1975), on appeal (6th Cir., April 5, 1976); James S. Reily,53 T.C. 8, 13-14 (1969). To reflect our conclusions and the stipulated agreement as to the amount of the deficiency for each year, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩