**Weston B. ANDREWS, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 77–1079.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 5, 1977.

Decided Oct. 11, 1977.

Weston B. Andrews, pro se.

Myron C. Baum, Acting Asst. Atty. Gen.; and Gilbert E. Andrews, Crombie J. D. Garrett and William S. Estabrook, III, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief for appellee; filed by Charles L. Saunders, Jr., Washington, D. C., for appellee.

Before BRIGHT, STEPHENSON, and HENLEY, Circuit Judges.

PER CURIAM.

On June 15, 1976, the Commissioner of Internal Revenue sent to taxpayer's last known address a "Notice of Deficiency" in connection with taxpayer Weston B. Andrew's 1974 income tax return. The deficiency resulted from disallowance of a claimed casualty loss carryover "consisting

of anticipated medical expenses and loss of potential earnings, past, present and future." Taxpayer, apparently a victim of certain unrecompensed personal injuries, had claimed the loss on the theory that personal injury losses should be afforded tax treatment equivalent to that afforded property losses. *See* 26 U.S.C. §§ 165(h), 172. Taxpayer's petition protesting the deficiency was not filed with the Tax Court until more than ninety days after the deficiency had been mailed and was dismissed as not timely filed. This appeal is taken from the Tax Court's order of dismissal.

Section 6213(a) of the Internal Revenue Code (26 U.S.C.) requires that a taxpayer seeking redetermination of a deficiency file a petition in the United States Tax Court within ninety days of the Commissioner's mailing of the notice of deficiency. The taxpayer here makes no complaint about the mailing of the notice and does not contest the proposition that his petition was untimely. The law is clear that the Tax Court does not have jurisdiction over an untimely petition. *See DiViaio v. Commissioner*, 539 F.2d 231 (D.C.Cir. 1976); *Foster v. Commissioner*, 445 F.2d 799 (10th Cir. 1971); *Healey v. Commissioner*, 351 F.2d 602 (9th Cir.1965).

Taxpayer argues that dismissal is nevertheless unwarranted since the same carry-over loss was claimed on his 1973 and 1975 income tax returns, and timely petitions contesting notices of deficiency for those years are currently before the Tax Court; therefore, the instant case is "part and parcel" of matters already properly before the Tax Court. We reject this argument. The timely petitions with respect to the years 1973 and 1975 may of course proceed, but taxpayer's preservation of his Tax Court rights for those years does not serve to preserve his rights with respect to the notice of deficiency for 1974.

We affirm the order of dismissal.