**Lewis E. JOHNSON and Jeanne K. Johnson, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 78–1025.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1980.

Jerome J. Reso, Jr., Fred W. Schwendimann, III, James A. McPherson, New Orleans, La., for petitioners-appellants.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Leonard J. Henzke, Atty., Gilbert E. Andrews, Act. Chief, Karl P. Fryzel, Atty., Lester Stein, Acting Chief Counsel, IRS, Washington, D.C., for respondent-appellee.

Before AINSWORTH, INGRAHAM and GARZA, Circuit Judges.

INGRAHAM, Circuit Judge.

This appeal is before us on a petition to review an order of the Tax Court which dismissed taxpayer's [1] petition for redetermination of his 1971 and 1972 income taxes. The Tax Court concluded that the Commissioner had properly mailed the notice of deficiency to taxpayer's last known address and the petition for redetermination had not been filed within the statutory ninety-day period. The court therefore granted the Commissioner's motion to dismiss the petition for lack of jurisdiction. We reverse.

At all relevant times, taxpayer and his wife have resided at 1342 Robert E. Lee Boulevard, New Orleans, Louisiana. However, during this time period taxpayer has had two different addresses where he conducted his business affairs. His first office was located at 307 Cotton Exchange Building, New Orleans. Sometime in August 1975, taxpayer moved his office to the Commerce Building in New Orleans.

In February 1975, taxpayer had filed with the Commissioner a power of attorney, drafted on the Commissioner's own Form 2848, indicating that his address was the Cotton Exchange Building address. That power of attorney also directed that copies of all correspondence be sent to taxpayer's attorneys as listed thereon.

When taxpayer moved his office to the Commerce Building address, he orally notified the Commissioner's agent of the change. It is clear that certain of the Commissioner's agents knew of the change since they were at taxpayer's office on numerous occasions in connection with an ongoing

1. For convenience this opinion will refer only to Mr. Johnson as the taxpayer. Taxpayer and his wife, Jeanne, filed joint returns for the years in question, hence taxpayer's wife is also a petitioner in this case.

criminal tax investigation directed at taxpayer. Although it is not clear whether the audit division and the criminal investigation division were aware of each other's activities, it appears that the change of business address was known by someone working on taxpayer's file.

As a result of the investigation of taxpayer's returns, the Commissioner determined deficiencies in taxpayer's federal income tax and additions to tax under I.R.C. § 6653(b) [2] in the following amounts: for the taxable year 1971, a deficiency of $116,403.07 and a fraud penalty of $58,963.70; for the taxable year 1972, a deficiency of $41,195.03 and a fraud penalty of $20,597.51. The Commissioner prepared a notice of deficiency which was to be mailed to taxpayer. At this time, however, the power of attorney, through no fault of taxpayer, was unexplainably missing from taxpayer's administrative file.

On June 7, 1976, the Commissioner sent the notice of deficiency by certified mail to taxpayer's residence address on Robert E. Lee Boulevard. This was the address that appeared on taxpayer's 1971 and 1972 tax returns. Two attempts to deliver the letter were made by the United States Postal Service.[3] On June 24, 1976, the letter was returned to the Commissioner marked "Unclaimed."

Subsequently, over ninety days after the notice of deficiency was mailed, the Commissioner assessed the deficiencies. On September 24, 1976, he mailed statements of tax due for 1971 and 1972, including the tax deficiency, additions to tax (fraud penalty) and interest, to taxpayer and his wife at their residence address. Taxpayer received this statement and it was the first time that either he or his wife knew of any alleged deficiency.

Taxpayer filed his petition for redetermination of the deficiency in the Tax Court on December 27, 1976.[4] The Commissioner answered and moved to dismiss for lack of jurisdiction, alleging that the period for filing the petition had expired on September 5, 1976, ninety days after the notice of deficiency had been mailed. The Tax Court held a hearing and, in a memorandum opinion, found that the Commissioner had exercised reasonable diligence in discovering taxpayer's last known address. Thus, the court held that the statutory notice mailed to taxpayer's residence address was valid. Accordingly, the court entered an order dismissing the petition for lack of jurisdiction. Taxpayer timely appealed to this court.

The issue to be decided on this appeal is a narrow one. Did the Commissioner comply with the requirements of I.R.C. § 6212 when he sent taxpayer the notice of deficiency? Taxpayer argues that the Commissioner did not so comply because he did not mail the notice to taxpayer's "last known address" as the statute requires. Thus, argues taxpayer, the Tax Court erred in granting the Commissioner's motion to dismiss; the court should have granted a motion to dismiss in taxpayer's favor with the result that the Commissioner must begin anew the process of mailing a deficiency notice. On the other hand, the Commissioner argues that he did comply with § 6212, since he exercised reasonable diligence in trying to discover taxpayer's last known address. Therefore, argues the Commissioner, the Tax Court did not err when it dismissed taxpayer's petition for lack of jurisdiction.

---

**2.** Unless indicated otherwise, all statutory references are to the Internal Revenue Code of 1954.

**3.** The Postal Service letter carrier first attempted delivery on June 8, 1976. When no one responded at the door, he left a Notice of Mail Arrival or Attempted Delivery (Form 3849) at taxpayer's residence. A second Form 3849 notice was sent to taxpayer's residence by the Postal Service on June 12, 1976 by regular mail. It was found by the Tax Court that neither taxpayer nor his wife, nor anyone else at their residence, ever received or knew about these two attempted deliveries.

**4.** The postmark date, December 24, 1976, was within the ninety-day period following taxpayer's receipt of the tax due statement. Neither party disputes that the postmark date is controlling under the Code for purposes of tolling the limitations period.

Our analysis begins with an examination of the relevant portions of § 6212:

§ 6212. Notice of deficiency

(a) In general—

If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43 or 44 he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) Address for notice of deficiency—

(1) Income and gift taxes and taxes imposed by chapter 41, chapter 42—

In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, or chapter 44 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 41, chapter 42, chapter 43, chapter 44, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

After the Commissioner has properly complied with the provisions of § 6212, the taxpayer has ninety days in which to file with the Tax Court a petition for redetermination of the deficiency for the purpose of litigating the merits of the asserted deficiency prior to paying the tax:

Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43 or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period, . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. I.R.C. § 6213(a).

The above procedure is the only opportunity for taxpayer to litigate the merits of the deficiency in a prepayment forum. His other remedy is to pay the tax and then file a suit for refund in either the federal district court or the United States Court of Claims.[5] *DeWelles v. United States*, 378 F.2d 37 (9th Cir. 1967).

■ It cannot now be seriously questioned that the timely filing of the petition for redetermination is jurisdictional. *Shipley v. Commissioner*, 572 F.2d 212, 213 (9th Cir. 1977); *Andrews v. Commissioner*, 563 F.2d 365, 366 (8th Cir. 1977); *DiViaio v. Commissioner*, 176 U.S.App.D.C. 229, 232, 539 F.2d 231, 234 (D.C.Cir. 1976). However, before the statutory ninety-day period can begin to run in favor of the Commissioner, the notice of deficiency must be properly mailed to the taxpayer at his last known address, I.R.C. §§ 6212, 6213; *see DeWelles v. United States, supra*, 378 F.2d at 39, with the exception, arguably, of the case where a taxpayer has actually received the notice in some other manner. Since it is obvious that taxpayer's petition was not filed within ninety days of the date the Commissioner first mailed the notice, June 7, 1976, the resolution of this appeal must necessarily focus on taxpayer's "last known address."

■ The Commissioner's position is that the statute requires only that the notice of deficiency be sent to the place where the Commissioner reasonably believes the taxpayer wishes the notice to be sent. *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967). If, as in this case, the Commissioner is faced with alternative possible addresses, he is protected so long as he uses reasonable

---

**5.** There was testimony that taxpayer does not have the resources to pay the tax and sue for a refund. In this respect, taxpayer has advanced a due process argument that has consistently been found to be meritless. *See, e. g., Lewin v. Commissioner*, 569 F.2d 444, 445 (7th Cir. 1978), *cert. denied*, 437 U.S. 904, 98 S.Ct. 2090, 57 L.Ed.2d 1134. Our disposition of this case makes it unnecessary to consider that argument.

diligence to ascertain which one actually is taxpayer's last known address.

The Commissioner then notes that taxpayer's residence address appeared on his 1971 and 1972 tax returns and there had been no clear and concise notification from taxpayer or his wife of any change of address. Additionally, since the power of attorney filed by taxpayer had only directed that *copies* of correspondence be sent to the designated representatives, the Commissioner argues that he was reasonable in concluding that the residence address was taxpayer's last known address for purposes of mailing the notice.[6] Moreover, the Tax Court agreed and since its finding with respect to the last known address is one of fact, *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 372 (1974), that finding must be affirmed unless it is clearly erroneous. Fed.R.Civ.P. 52(a).

We agree with the Commissioner's characterization of our standard of review; however, we hold that the Tax Court finding with respect to taxpayer's last known address was clearly erroneous under the facts and circumstances of this case. Our reasons for so holding are based on the Commissioner's negligent mishandling of taxpayer's power of attorney, heightened somewhat by the inequity of taxpayer's predicament.

The circumstances surrounding the handling of taxpayer's audit and subsequent "notification" of a tax deficiency are not as typical as the Commissioner contends. Taxpayer had been under investigation for criminal tax violations during this same period of time. Numerous IRS agents had been working with taxpayer's representatives throughout this period at the two addresses listed on taxpayer's power of attorney. That power of attorney had been properly filed with the Commissioner nearly a year and a half prior to the mailing of the notice. However, when one of the Commissioner's agents began preparing the notice of deficiency, the power of attorney was missing from taxpayer's administrative file, through no fault of the taxpayer. The Commissioner was unable to explain why or how the power of attorney was misplaced and we can only conclude that the effect of this blunder should not prejudice taxpayer where he was without fault. How the Commissioner can claim he made a "reasonable" choice of addresses when the document containing the relevant alternative addresses is lost is beyond us.

The Commissioner attempts to downplay the importance of the power of attorney by noting that it directed only that *copies* of correspondence be sent to the designated representative. The Commissioner stresses that he sends these copies as a taxpayer convenience only and, he argues, he is not bound to send any notices to the representatives unless the power of attorney directs that *all* correspondence be sent to that representative. *See Wagner v. United States*, 473 F.Supp. 276, 281 (E.D.Pa.1979), *citing Reddock v. Commissioner*, 72 T.C. 21 (1979). The Commissioner's position exalts form over substance. Moreover, the printed form power of attorney (Form 2848) is supplied by the Commissioner himself and it seems anomalous to permit him to prescribe the medicine and then punish the patient for taking it. To sustain the Commissioner's position would allow him to ignore with impunity his own printed powers of attorney so long as he found some other address that might qualify post hoc as a last known address.[7] Why file a power of attorney at

---

6. Although the Commissioner attempts, via *Cohen v. United States*, 297 F.2d 760 (9th Cir. 1962), *cert. denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962), to distinguish the cases relied on by taxpayer, *Tenzer v. Commissioner*, 285 F.2d 956 (9th Cir. 1960); *Boren v. Riddell*, 241 F.2d 670 (9th Cir. 1957); and *Dolezilek v. Commissioner*, 94 U.S.App.D.C. 97, 212 F.2d 458 (D.C.Cir. 1954), any such distinction lends no greater support to the Commissioner's position. In all of the above cases notice had

actually been received by the taxpayer. *Cohen v. United States, supra*, 297 F.2d at 775. None of those cases dealt with a situation analogous to the present case. Here the Tax Court found, and we agree, that taxpayer never received any actual notice prior to his receipt of the September 24, 1976 tax due statements.

7. We should also note here that both taxpayer and his wife received correspondence from the Commissioner in care of the Cotton Exchange

all if the Commissioner is permitted to simply disregard it?

Another factor that we feel refutes a finding of reasonable diligence on the part of the Commissioner is the Commissioner's own field manual. The pertinent language is as follows:

> Ordinarily, the statutory notice will be sent to the address shown on a taxpayer's return. However, be very careful in determining the address to be used if the taxpayer has specifically notified the Service of a different address. Thus, a statutory notice sent to the last known home address of the taxpayer would be invalid if a power of attorney is submitted which specifically directs that all correspondence, documents, etc., relating to the tax matter be sent to the taxpayer in care of the taxpayer's attorney. Therefore, if there is any doubt as to what constitutes the last known address of the taxpayer, duplicate original statutory notices should be sent by certified mail to each known address. Internal Revenue Service Manual § 4462.1(3).

The suggested procedure contemplates at the very least that the Commissioner's agents will exercise reasonable care and make an extra effort to ascertain a taxpayer's correct last known address. The absence from a taxpayer's file of a power of attorney designating other addresses to which correspondence should be mailed would ipso facto thwart any such efforts.

This is not to say that either the manual or the statute imposes a duty of sending a second notice. But the facts of this case indicate that the Commissioner minimized his efforts to notify taxpayer of the deficiency. In one case arising out of the same New Orleans District, the District Director sent a second notice, via regular mail, after the first notice had been returned unclaimed:

> On March 19, 1974, the acting District Director send the petitioners a copy of the notice of deficiency by regular mail. In this letter, he explained that the notice of deficiency had been sent by certified mail on February 21, 1974, so that the petitioners had ninety days from that date to file a petition with this Court. The petitioners thereupon timely filed their petition.

*Karmazin v. Commissioner*, 35 T.C.M. 1148 (1976). Such a second mailing in this case again might have informed the taxpayer of the asserted deficiency.[8]

In conclusion, we reiterate that the Tax Court finding of reasonable diligence on the part of the Commissioner in ascertaining taxpayer's last known address is the factual basis upon which the court's holding rests. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333

Building address as taxpayer had requested in the power of attorney. In one instance, the Commissioner sent a Form 1937 request for consent to extension of the period of limitations, via certified mail, to taxpayer and his wife in care of John Maxwell, one of the two attorneys so designated in the power of attorney. A copy of that request was also sent to Elmer Tapper, the other designated attorney in the power of attorney. Although taxpayer moved from the Cotton Exchange Building address prior to June 7, 1976, we noted earlier that someone in the Commissioner's office knew of this change since certain other aspects of the investigation were conducted there. Moreover, neither of the designated representatives had changed their addresses.

Notwithstanding that the taxpayer may not have given the Commissioner "any clear and concise notice" of a change of address in his

power of attorney, *see Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 376 (1974), the point we make here concerns our initial misgivings about the Commissioner's mishandling of taxpayer's power of attorney. The simple mailing of a copy of the notice of deficiency to either of taxpayer's representatives would likely have given taxpayer notice of the asserted deficiency and thus an opportunity to timely file a petition for redetermination.

8. We would be remiss if we failed to note that the Commissioner admits the deficiency is erroneously calculated due to the inclusion of excessive fraud penalties. In our opinion, that factor itself magnifies the inequity of taxpayer's predicament; however, it is irrelevant for purposes of reviewing the Commissioner's diligence.

U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948) (quoted in *Commissioner v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218, 1228 (1960)). As such the judgment cannot stand.

We wish to emphasize that our holding is narrowly limited to the peculiar facts and circumstances of this case and is not meant as authority for requiring the Commissioner to adopt new procedures for sending statutory notices of deficiency. We only require that he exercise reasonable diligence when determining a taxpayer's last known address. Misplacing an important document precluded him from doing so in this case. "If the charge be made that we take liberties with the statute, it may be so. Anyone should try to make it work." *Tenzer v. Commissioner*, 285 F.2d 956, 958 (9th Cir. 1960).

The judgment of the Tax Court dismissing as untimely filed the taxpayer's petition for redetermination of the deficiency is REVERSED and the case is REMANDED for further proceedings not inconsistent with the foregoing opinion.

REVERSED AND REMANDED.