SHARON S. FULLING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulling v. Commissioner
Docket No. 14228-79.
United States Tax Court
T.C. Memo 1980-418; 1980 Tax Ct. Memo LEXIS 175; 40 T.C.M. (CCH) 1347; T.C.M. (RIA) 80418; September 22, 1980; Filed George W. Woodcock, for the petitioner. Rodney J. Bartlett, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special *176 Trial Judge Fred S. Gilbert, Jr., pursuant to section 7456(c) of the Internal Revenue Code, [1] for the purpose of conducting a hearing and ruling on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his opinion which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: On June 28, 1979, respondent mailed, by certified mail, a joint notice of proposed deficiency in Federal income tax for the years 1974, 1975, and 1976 to the petitioner and her husband, Donald E. Fulling. On October 2, 1979, the petition herein was received and filed by the Tax Court. On November 21, 1979, respondent filed a motion to dismiss for lack of jurisdiction, alleging that the petition *177 was not filed with the Court within the time prescribed by section 6213(a) and 7502(a). A hearing on the respondent's motion to dismiss for lack of jurisdiction was held by the Court in Indianapolis, Indiana, on June 17, 1980. FINDINGS OF FACT The statutory notice of deficiency was mailed, by certified mail, to the petitioner and her husband at 829 South Main Street, Princeton, Indiana, on June 28, 1979. This was an address for the petitioner and her husband that had been made known to the respondent during the course of a criminal tax investigation which led to the conviction of petitioner's husband and his sentencing, on April 30, 1979, to the Federal Penitentiary at Maxwell Field, Montgomery, Alabama. A duplicate original of this statutory notice of deficiency was mailed the same day, by certified mail, to the petitioner and her husband at 113 Pear Street, Box 342, Mt. Carmel, Illinois, the address shown on their income tax returns for the years in question. A photocopy of the notice of deficiency was also sent by respondent to the petitioner's authorized representative, George W. Woodcock, who is also her attorney of record in this case. Some time during the month of *178 May 1979, just shortly before the notice of deficiency was mailed, the petitioner moved from Princeton, Indiana, back to Mt. Carmel, Illinois to reside there at 411 West 12th Street. There is no evidence that petitioner ever gave notice to the respondent of this change of address. The petitioner received one of the copies of the notice of deficiency no later than August 20, 1979, as she was in touch with her attorney, Mr. Woodcock, in connection with it on or before that date. The petition in this case was signed by the petitioner on September 27, 1979 and was mailed to the Court in an envelope which bore the mark of a private postage meter showing the same date. The envelope also bore an official postmark of the United States Postal Service, dated September 28, 1979. The petition was received and filed by the Court on October 2, 1979. There is no evidence to show that a copy of the statutory notice of deficiency was ever mailed to petitioner's husband, Donald E. Fulling, at the Federal Penitentiary at Maxwell Air Force Base, Montgomery, Alabama, although it is evident that respondent knew that he had acquired a new separate residence at that address. OPINION Section *179 6212, in essence, provides that, if the respondent determines that there is a deficiency in a taxpayer's Federal income tax, he is authorized to send a notice of such deficiency by certified or registered mail. In general, the notice will be sufficient if mailed to the taxpayer's "last known address." With respect to joint income tax returns filed by a husband and wife, section 6212(b)(2) permits the respondent to send a single joint notice of deficiency, except where he has been notified by either spouse that separate residences have been established. In that event, in lieu of the single joint notice, a duplicate original of the joint notice is required to be sent by certified mail or registered mail to each spouse at his last known address. For purposes of section 6212, a taxpayer's "last known address" is that address to which, in light of all the facts and circumstances, the respondent reasonably believed that the taxpayer wished the notice of deficiency to be sent. Delman v.Commissioner, 384 F.2d 929 (3d Cir. 1967); Looper v. Commissioner, 73 T.C. 690 (1980). Typically, the "last known address" will be the address shown on the tax return *180 filed by a taxpayer; however, the respondent is not entitled to rely upon that address if he learns or is notified by the taxpayer of a change in address. [3]Keeton v. Commissioner, 74 T.C. 377 (1980); O'Brien v.Commissioner, 62 T.C. 543 (1974). Once he becomes aware of a change in address, the respondent must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Johnson v. Commissioner, 611 F.2d 1015 (5th Cir. 1980), revg. a Memorandum Opinion of this Court; Keeton v. Commissioner, supra.
In this case, the respondent has clearly fulfilled his obligation of sending the statutory notice of deficiency to the last known address of the petitioner. The notice was not only sent to the last known address, discovered during the course of the criminal investigation, in Princeton, Indiana, but also to the last address as shown *181 by the tax returns filed for the years in question, in Mt. Carmel, Illinois. The respondent could hardly be charged with knowledge of the petitioner's new address of 411 West 12th Street, Mt. Carmel, Illinois, an address to which she moved just shortly before the notice of deficiency was mailed and of which she made no attempt to advise the respondent.We hold that the statutory notice of deficiency was sent to the petitioner's last known address in accordance with the provisions of the statute. Counsel for the petitioner contends that the notice of deficiency should be considered invalid because it was not mailed to the petitioner's husband at his new address at the Federal Penitentiary at Maxwell Field, Montgomery, Alabama, an address that should have been known to the respondent because of the criminal tax investigation, the prosecution, and the subsequent conviction and incarceration. It may well be that the statutory notice of deficiency was not sent to petitioner's husband at his "last known address" and that, thus, there has been no valid statutory notice of deficiency sent to him. However, since petitioner's husband is not a party to this case, we make no judgment on that *182 point. Suffice it to say that the failure to send a statutory notice of deficiency to the last known address of the husband does not render invalid a statutory notice properly mailed to the last known address of the wife, where separate residences have been established. See Reno v. Commissioner, T.C. Memo 1980-255. The statutory notice in this case was actually mailed to the last known address of the petitioner and was received by her; therefore, it is entirely valid. Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days after the notice of deficiency is mailed to the taxpayer. The notice of deficiency in this case was mailed on June 28, 1979; therefore, the 90-day period within which a petition could be filed with the Court expired on September 26, 1979. The petition was not received by the Court until October 2, 1979. Section 7502, however, provides, in effect, that a petition will be considered to be timely filed, if, although received by the Court after the 90-day period, the envelope in which mailed bears a United States postmark showing that it was mailed in the United States mail within the 90-day period. The envelope *183 in which the petition in this case was received by the Court bore the mark of a private postage meter showing the date of September 27, 1979, and also an official postmark of the United States Postal Service showing the date of September 28, 1979. Since the petition was actually received by the Court after the expiration of the 90-day period and since both of the postmarks on the envelope in which it was received showed dates beyond the expiration of the 90-day period, the petition in this case cannot be considered as being timely filed. In accordance with the foregoing, the respondent's motion to dismiss for lack of jurisdiction for failure to file a timely petition will be granted. [4]
An appropriate *184 order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Since this is a pre-trial motion directed to the Court's jurisdiction, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in this particular circumstance, under the authority of the "otherwise provided" language of that rule.
3. Of course, respondent has no duty to undertake an investigation to determine whether there has been a change in the address last known to him. See McCormick v. Commissioner, 55 T.C. 138, 141-142↩ (1970).
4. To prevent undue and unnecessary hardship on the petitioner, we trust that the respondent will suspend any collection of his assessment against petitioner until efforts to collect from the husband the deficiency actually due have been exhausted, since there appears to be good reason to believe that any deficiency due is attributable to his receipt and management of income and since it appears that, in some way, he may have acknowledged his liability and responsibility therefor.↩