JAMES E. BEDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bedson v. Commissioner
Docket No. 12939-80.
United States Tax Court
T.C. Memo 1981-64; 1981 Tax Ct. Memo LEXIS 683; 41 T.C.M. (CCH) 894; T.C.M. (RIA) 81064; February 18, 1981. James E. Bedson, pro se. Robert J. Shilliday, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions *684 of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and181, Tax Court Rules of Practice and Procedure. [2] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency y in petitioner's Federal income tax for the year 1974 in the amount of $ 6,110.44 and an addition to tax under section 6653(b) in the a7ount of $ 3,055.22. Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. FINDINGS OF FACT Petitioner's 1974tax return showed his address as 490 Massachusetts Avenue, New Port Richey, Florida (hereinafter referred to as the Massachusetts Avenue address). *685 Respondent's agents, assigned to work on the audit of petitioner's 1974 tax return, were unable to get in touch with petitioner at the Massachusetts Avenue address when they began their audit of his return in May 1977. They finally managed to have mail delivered to him at 33 Woodland Circle, New Port Richey, Florida (hereinafter referred to as the Woodland Circle address). Respondent introduced into evidence three letters that his agents received from petitioner. Two of these letters, dated "5/17/77" and 6/3/77," and the envelopes that contained them show petitioner's return address as the Woodland Circle address. The third letter, dated "2/18/78," shows no address of petitioner on its face; however, the envelope in which it was sent indicates the Woodland Circle address as petitioner's return address. On February 22, 1978 and February 24, 1978, respondent's agents mailed letters to petitioner at the Woodland Circle address. Petitioner received those letters. OnApril 11, 1978, the district director's office in Jacksonville, Florida sent to petitioner at the Woodland Circle address a notice of deficiency in respect of the year 1974 by certified mail. The envelope containing *686 the notice of deficiency was returned unopened to the district director's office on April 13, 1978, marked: Moved Left No address Petitioner does not recall whether he notified the Internal Revenue Service prior to April 11, 1978 that th Woodland Circle address would no longer be his address. After the original notice of deficiency was returned to the district director's office, that office attempted to ascertain whether another address was available at which they could give actual notice of the deficiency to petitioner. The "second best address" in their files was the Massachusetts Avenue address. On April 27, 1978, the district director's office, therefore, sent to petitioner at the Massachusetts Avenue address a notice of deficiency in respect of the year 1974 by certified mail. Petitioner never received this notice; it was returned by the post office to the district director's office. On July11, 1980, more than two years after the notices of deficiency were mailed by respondent, the petition for redetermination was received and filed by this Court. OPINION A taxpayer may file a petition for a redetermination of a deficiency with this Court only within 90 days after *687 a sufficient notice of such deficiency is mailed. Section 6213(a). To be sufficient, the notice of deficiency generally must be mailed to the taxpayer's "last known address." Section 6212(b). A petitioner's last known address is that address to which, from a consideration of all relevant circumstances, respondent reasonably believes he wishes the notice to be sent. Johnson v. Commissioner,611 F.2d 1015 (5th Cir. 1980); Lifeter v. Commissioner,59 T.C. 818, 821 (1973). When respondent's agent sent mail to petitioner at the Massachusetts Avenue address, it was returned. It, therefore, was reasonable for him to write to petitioner at the Woodland Circleaddress, after he ascertained mail would be delivered to petitioner at that address. Petitioner responded to mail he received at that address and indicated it as his return address on mail that he sent to respondent. Under all the facts and circumstances in this case, it was reasonable for respondent to believe that the Woodland Circle address was petitioner's last known address. Petitioner contends that the notice of deficiency was not valid because he did not receive it and because the postal *688 service did not follow their own regulations, requiring them to attempt to deliver certified mail twice. [3]
Since the notice was mailed to petitioner's last known address within the meaning of the statute, it is valid even though he did not actually receive it. Luhring v. Glotzbach,304 F.2d 556 (4th Cir. 1962); Houghton v. Commissioner,48 T.C. 656(1967). It is not clear that the postal service regulations were not followed. Even if postal regulations are not complied with, however, an otherwise valid notice of deficiency is not rendered ineffective. This Court simply requires *689 respondent to introduce evidence showing that his procedure for mailing notices of deficiencies was observed in the case before it; he is not further required to prove that the postal service personnel performed their official duties. Cataldo v. Commissioner,60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974); cf. United States v. Ahrens,530 F.2d 781 (8th Cir. 1976). [4]
Since the petition with this Court was filed more than 90 days after a valid notice of deficiency was mailed, we are without jurisdiction to redetermine the deficiency. [5]
An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the Post-trial procedures set forth in that rule are not applicable to this case.
3. U.S. Postal Service. Postal Service Manual. 168.55 provides: Notice of Arrival The carrier will leave a notice of arrival on Form 3849-A if he cannot delivery [sic] the cetified article for any reason. The article will be brought back to the post office and hold for the addressee. If the article is not called for within 5 days, a second notice on Form 3849-B will be issued. If the article is not called for or its redelivery requested, it will be returned at the expiration of the period stated by the sender, or after 15 days if no period is stated.↩
4. See Karmazin v. Commissioner,T.C. Memo. 1976-262↩.
5. Petitionermay still challenge the merits of the deficiency assessment in court. He can pay the deficiency determined by respondent and then file a claim for refund of any amount that he alleges was erroneously collected. If the claim is not allowed, petitioner may file a suit for refund in a U.S. District Court or in the U.S. Court of Claims.↩