

Villanova University School of Law

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-2005

# In Re: Stephens

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2123

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Stephens " (2005). *2005 Decisions*. Paper 507.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/507

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-362                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2123
_____

IN RE: ROBERT P. STEPHENS,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States Tax Court
(Related to No. 14219-04)
Tax Court Judge:  Honorable Joel Gerber

_____

Submitted under Rule 21, Fed. R. App. Pro. or for Possible Summary Action
September 15, 2005

Before:  SLOVITER, FUENTES and NYGAARD, Circuit Judges

(Filed September 22, 2005 )

_____

OPINION

_____

PER CURIAM

A *pro se* petitioner, Robert P. Stephens, brings a petition for writ of mandamus.[1]

_____

[1] Although Stephens' petition is styled as a petition for writ of mandamus and prohibition, it is properly considered a petition for writ of mandamus, because he asks this Court to mandate action.  *See United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992). His petition is additionally captioned as a petition for writ of error, the implications of

In his petition, he asks this Court to order the Tax Court to reconsider denied motions; to state whether he is in "administrative default" and remove any designation of "administrative default" from the record; to issue summary judgment in his favor; to issue an order to the Clerk of Tax Court; to recognize that the IRS has no jurisdiction over him; to correct testimony in the Tax Court record; and to rescind the order dismissing his Tax Court case.

To the extent that Stephens seeks a writ of mandamus, we will deny his petition. Mandamus is an extraordinary remedy. *See Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Under the All Writs Act, 28 U.S.C. § 1651, we may issue a writ of mandamus only when it is necessary or appropriate in aid of our jurisdiction. *See Allied Chemical Co. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). A writ of mandamus is not necessary or appropriate because Stephens can seek the relief he desires in an ordinary appeal. *See Cheney v. U.S. Dist. Court*, 124 S. Ct. 2576, 2587 (2004); *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1422 (3d Cir. 1991).

To the extent that Stephens has filed an appeal, evidenced by his requests for appellate-type relief and a "writ of error," we will summarily affirm the Tax Court's order.[2] As the Tax Court held, it lacked jurisdiction to consider Stephens' untimely claims relating to the notices of deficiency for the 2000 and 2001 tax years. *See* 26

which will be discussed in more detail in the text of this opinion.

[2]In addition, his request for a writ of error is denied.

U.S.C. § 6213(a) (2005); *Andrews v. Comm'r*, 563 F.2d 365, 366 (8th Cir. 1977). Similarly, as the Tax Court concluded, it was without jurisdiction to review Stephens' claims related to the proposed levy because no notice of determination had issued. *See Moorhous v. Comm'r*, 116 T.C. 263, 269 (2001).

Furthermore, Stephens failed to state a claim upon which relief can be granted. In addition to bringing claims related to the notice of levy and contesting the assessed deficiencies for the 2000 and 2001 tax years, Stephens protested a tax deficiency assessed for the 2002 tax year. He did not allege specific claims of error; instead, he presented baseless legal arguments to generally object to taxation and the existence of the Internal Revenue Service and the Internal Revenue Code.

For the foregoing reasons, we will summarily affirm the order of the Tax Court insofar as Stephens appeals from the Tax Court's order. We also will deny Stephens' petition for writ of mandamus because he is not entitled to the extraordinary remedy of mandamus.