ESTHER MELNICK TEITELBAUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 75381.   Filed May 3, 1963

*Jackson L. Boughner*, for the petitioner.
*George G. Young*, for the respondent.

WITHEY, *Judge:* Deficiencies in income tax and additions to tax have been determined by respondent as follows:

DEFICIENCIES

| Year | Income tax | Sec. 293(b) I.R.C. 1939 | Sec. 294(d)(1)(A) I.R.C. 1939 | Sec. 294(d)(2) I.R.C. 1939 |
|------|------------|-------------------------|-------------------------------|-----------------------------|
| 1949 | $30,172.46 | | | |
| 1950 | 60,318.66 | $30,159.33 | | $3,374.38 |
| 1951 | 139,544.99 | 69,772.50 | $12,559.04 | 8,372.70 |

The only issue presented for decision is whether this Court is deprived of jurisdiction where respondent's service of a deficiency notice upon petitioner was subsequent to 60 days from and after a jeopardy assessment by respondent, but otherwise within the limits fixed by law. The parties have agreed to the amount and nature of the deficiencies and additions to tax should the above issue be decided in favor of the respondent.

### FINDINGS OF FACT

Since all of the facts have been stipulated, we adopt the stipulation of the parties as our findings of fact as follows:

Petitioner Esther Melnick Teitelbaum and Abraham Teitelbaum were husband and wife during the taxable years 1949, 1950, and 1951. Joint Federal income tax returns for the years 1949 and 1950 were filed by them with the collector of internal revenue for the first district of Illinois, Chicago, Ill., and a joint Federal income tax return for the year 1951 was filed by them with the director of internal revenue, Chicago, Ill. The home address of petitioner Esther Melnick Teitelbaum and Abraham Teitelbaum, as shown on page 1 of the 1949, 1950, and 1951 joint returns, was 20 East Jackson Blvd., Chicago 4, Ill. Petitioner moved to California in November 1946 with intent to establish her permanent residence there. Petitioner has continuously been living in California since November 1946.

On August 23, 1957, the Commissioner assessed, under the provisions of section 273 of the Internal Revenue Code of 1939, certain deficiencies in tax, additions to tax, and interest against Abraham and Esther Teitelbaum for the years 1949, 1950, and 1951. The deficiencies in tax and additions thereto so assessed were as follows:

DEFICIENCIES

| Year | Income tax | Sec. 293(b) I.R.C. 1939 | Sec. 294(d)(1)(A) I.R.C. 1939 | Sec. 294(d)(2) I.R.C. 1939 |
|---|---|---|---|---|
| 1949 | $30,172.46 | | | |
| 1950 | 60,318.66 | $30,159.33 | | $3,374.38 |
| 1951 | 139,544.99 | 69,772.50 | $12,559.04 | 8,372.70 |
| Total | 230,036.11 | 99,931.83 | 12,559.04 | 11,747.08 |

On September 4, 1957, statements of income tax due (Forms 17A) for the years 1949, 1950, and 1951 were personally served on the petitioner at her home in Indio, Calif. At that time petitioner advised the server that the 6911 Euclid Avenue, Chicago, Ill., address shown on the statements was in error and that she had established her separate residence at 46–861 Madison Street, Indio, Calif.

The Commissioner mailed a single statutory notice of deficiency to Abraham Teitelbaum and Esther Teitelbaum, husband and wife, 6911 South Euclid Avenue, Chicago 49, Ill., by registered mail on October 11, 1957. The correct address of Abraham Teitelbaum on October 11, 1957, was 6911 South Euclid Avenue, Chicago 49, Ill. During the taxable years 1949, 1950, and 1951 petitioner Esther Melnick Teitelbaum was not residing at 6911 South Euclid Avenue, Chicago 49, Ill., nor did she reside at that address on October 11, 1957.

On June 25, 1957, and again on June 27, 1957, petitioner's authorized agent executed and delivered to agents of respondent certain consent agreements, said consent agreements listing the address of petitioner as 46–861 Madison Street, Indio, Calif.

On September 17, 1957, two of respondent's agents interviewed petitioner at Riverside, Calif. During said interview petitioner stated that she was residing at 46–861 Madison Street, Indio, Calif. Both of respondent's agents were from the Chicago Office of the Internal Revenue Service.

On January 8, 1958, Abraham Teitelbaum petitioned the Tax Court (Docket No. 71483) for a redetermination of the deficiencies set forth by the Commissioner in his statutory notice of deficiency issued on October 11, 1957. Esther Melnick Teitelbaum did not petition the Tax Court with respect to the statutory notice of deficiency issued on October 11, 1957.

On May 1, 1958, the Commissioner mailed a duplicate original statutory notice of deficiency to petitioner Esther Melnick Teitelbaum at 46–861 Madison Street, Indio, Calif., by registered mail. Said duplicate original statutory notice of deficiency was mailed to the correct address of petitioner and was received by her. Attached to the stipulation and made a part thereof as joint Exhibit 1–A is a true and correct copy of said duplicate original statutory notice of

deficiency together with attached statement. Also attached to the stipulation and made a part thereof as joint Exhibit 2–B is a true and correct copy of a letter dated May 1, 1958, addressed to Esther Teitelbaum, 46–861 Madison Street, Indio, Calif., which letter transmitted the duplicate original statutory notice.

Petitioner Esther Melnick Teitelbaum, on August 4, 1958, petitioned the Tax Court seeking relief from the Commissioner's determination as set forth in the duplicate original statutory notice mailed to her on May 1, 1958. The petition is before the Court in the instant proceeding.

The case of Abraham Teitelbaum (Docket No. 71483) was tried at the Chicago, Ill., session of the Tax Court beginning October 6, 1958. On May 20, 1960, the Court entered its decision in the case, a copy of which is attached to the stipulation and made a part thereof as joint Exhibit 3–C. The Court's decision was affirmed by the United States Court of Appeals, Seventh Circuit, 294 F. 2d 541 (C.A. 7, 1961). Petition to the Supreme Court for writ of certiorari was denied on February 19, 1962, 368 U.S. 987, 82 Sup. Ct. 603. Rehearing was denied by the Supreme Court on April 2, 1962, 369 U.S. 842, 82 Sup. Ct. 866.

It is stipulated and agreed by and between the parties that if the Court should find the duplicate original statutory notice of deficiency mailed to petitioner on May 1, 1958, was not rendered invalid because of the failure of respondent to mail it within 60 days after making the jeopardy assessment, then the deficiencies in tax and additions to the tax ordered and decided in the case of Abraham Teitelbaum (Docket No. 71483), as set forth in joint Exhibit 3–C attached to the stipulation and made a part thereof, shall be the deficiencies in tax and additions to the tax to be ordered, decided, and entered in the instant case.

OPINION

The notice of deficiency referred to by the parties in their stipulation as a "duplicate original" is, by whatever appellation used, a notice of deficiency within the meaning of section 272 of the Internal Revenue Code of 1939. It is stipulated to have been served upon petitioner within the time limits fixed by section 275. The general statutory limitations upon the issuance of a notice of deficiency are therefore not applicable to the issue before us. The controversy arises only with respect to the narrow question whether section 273(b)[1] (which is virtually identical with section 6861(b), I.R.C. 1954) makes invalid a notice of deficiency issued subsequent to the special 60-day period following a jeopardy assessment there provided.

---

[1] SEC. 273. JEOPARDY ASSESSMENTS.

(b) DEFICIENCY LETTERS.—If the jeopardy assessment is made before any notice in respect to the tax to which the jeopardy assessment relates has been mailed under section 272(a), then the Commissioner shall mail a notice under such subsection within sixty days after the making of the assessment.

The involved statute is by legislative history, H. Rept. No. 356, 69th Cong., 1st Sess. (1926), 1939–1 C.B. (Part 2) 370, intended to be, not a limitation upon the allowable period for respondent's issuance of a deficiency notice, but is rather, as contended by respondent, a limitation upon the conditions under which respondent may maintain and keep in force a jeopardy assessment made prior to his issuance of a deficiency notice. See *W. Cleve Stokes*, 22 T.C. 415 (1954), and *J. H. Reese*, 15 B.T.A. 1261 (1929). The mere fact that a jeopardy assessment may be illegal has no bearing upon the jurisdiction of this Court to adjudicate liability for the correct tax.

Cases relied on by petitioner are not applicable to the present issue for the reason that in each the issue decided related to the general limitation provisions of the Code. The case of *Berry* v. *Westover*, 70 F. Supp. 537 (S.D. Cal. 1947), is clearly not support for petitioner's position here, for there the injunction sought by the taxpayer against further assessment or collection proceedings based upon the Commissioner's failure to serve a deficiency notice within 60 days following a jeopardy assessment was denied. It was there further held that failure of the Commissioner to follow lawful procedures in his original jeopardy assessment, while such assessment may for that reason be void, does not prevent his second such assessment upon abatement of the first. Certainly, by necessary implication, the Commissioner being then possessed of the right to proceed to collect the tax it follows that he has the authority to issue and timely serve his deficiency notice within the general limitation provisions.

*Decision will be entered for the respondent.*