Louis Vincent MUSSO, Sr. (Anita Musso, Substituted in the place and stead of Louis Vincent Musso, Sr., Deceased), Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 73–3916.

United States Court of Appeals, Fifth Circuit.

May 17, 1976.

258 F.2d 816; *United States v. Remington*, 2 Cir., 1951, 191 F.2d 246.

Charles L. Denaburg, Ben L. Zarzaur, Birmingham, Ala., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Meyer Rothwacks, Chief, Appellate Section, Meade Whitaker, Chief Counsel, Stephen M. Friedberg, Atty., I.R.S., Washington, D.C., Dwight T. Baptist, Dist. Director, I.R.S., Birmingham, Ala., Elmer J. Kelsey, Robert S. Watkins, Attys., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges:

TUTTLE, Circuit Judge:

The Court has withheld decision in this case pending disposition by the Supreme Court of *Laing v. United States, et al.*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) and *Clark v. Campbell, District Director of Internal Revenue, et al.*, 501 F.2d 108 (C.A. 5, 1974), *cert. denied*, 1976, 423 U.S. 1091, 96 S.Ct. 887, 47 L.Ed.2d 103, 44 U.S.L.W. 3428. The *Laing* opinion approved in precise terms the holding of this Court in *Clark v. Campbell.*

The taxpayer here received a letter pursuant to § 6851 of the Internal Revenue Code of 1954 stating that the District Director of Internal Revenue had made a finding that the taxpayer's activities tended to prejudice or render ineffectual the collection of income tax and, consequently, that his taxable year had been declared terminated as of December 18, 1972. The Commissioner did not send the taxpayer a "notice of deficiency," as required in § 6861 of the Internal Revenue Code of 1954, where a jeopardy assessment is made. The question here is whether taxpayer could file a petition for redetermination in the Tax Court. That court held that the receipt of such "notice" was jurisdictional and dismissed the petition.

At the time of the issuance of the termination notice in this case, and until the Supreme Court spoke in *Laing*, the Commissioner consistently took the position that when a notice of termination under § 6851 was issued the demand for payment in such notice did not in and of itself amount to a deficiency nor was it a deficiency notice and also that no deficiency notice was required to be issued within 60 days as is contemplated when a jeopardy assessment is made under § 6861. The Commissioner then concluded that since a deficiency notice is a prerequisite to a petition for redetermination in the Tax Court a taxpayer whose taxable year had been declared terminated under the § 6851 procedure simply did not have access to the Tax Court for a prepayment determination of his tax liability.

This has now been changed, as is readily conceded by the Commissioner in a supplementary brief. The Supreme Court has not only decided that the termination notice creates a deficiency but it also held that it is the duty of the Commissioner to cause a deficiency notice to be issued within 60 days of the letter of termination. The Court held also that unless this requirement is complied with the district courts have jurisdiction to entertain a suit to enjoin an assessment of the taxes against the taxpayer. The Court held that the tax owing but not reported at the time of a § 6851 termination is a deficiency whose assessment and collection is subject to the procedures of § 6861 *et seq.*

It is thus clear that had the taxpayer here sought to enjoin the assessment or levy against his property rather than to seek a redetermination in the Tax Court he

could, under the theory upon which this Court decided the *Clark* case and the Supreme Court decided *Laing*, have succeeded in forcing the Commissioner to follow the procedures set forth in § 6861 which would have given him the right to a deficiency notice, the "ticket to the Tax Court." Instead of doing that, however, Musso elected to file his petition for redetermination in the Tax Court *as though he had received a notice of deficiency.*

The taxpayer here contends that the notice of termination satisfied the requirements of § 6861 as to the obligation of the Commissioner to send a notice of deficiency within 60 days.[1]

Here it is plain that no formal notice of deficiency, so denominated and so understood, was issued. This is conceded by taxpayer in his brief in which he says that the Commissioner "did not send formal notice of deficiency to the taxpayer to allow him to petition the Tax Court." However, taxpayer has at all times contended that the notice of termination was in and of itself a notice of deficiency. This contention is, it seems to us, completely rebutted by what was done by this Court in *Clark* and by the Supreme Court in *Laing.* The only basis for the courts' allowing the district court to take jurisdiction of a suit to enjoin the levy on the taxpayer's assets in those cases was that no deficiency letter had been issued and therefore the taxpayers had been deprived of an opportunity to have a prepayment contest over the amount of the tax due by petition to the Tax Court. There would have been no basis for the granting of the injunction in any of the cases dealt with by those courts which have followed the *Clark* principle and now mandated by *Laing* if the letter of termination had been considered the equivalent of the statutory deficiency letter under § 6212 of the 1954 Internal Revenue Code. We cannot assume that the Supreme Court would have gone to

the extent of broadening the area in which the courts are given the power to enjoin the levy and collection of taxes unless the court had concluded that such relief was necessary to protect the valuable right of petition to the Tax Court on behalf of a taxpayer subject to jeopardy assessment.

The taxpayer does not differ with the Commissioner on the proposition that the receipt of a notice of deficiency is a jurisdictional requirement for access to the Tax Court. He simply says that the letter of early termination was such a notice. He does not contend that the letter received by him differs in any respect from the letters received by the taxpayers in *Laing* and *Clark.* Yet in *Laing* the Supreme Court said:

"Mr. Laing received no deficiency notice under § 6861(b) and no specific information about how the amount of the tax was determined.[4]

[4] A deficiency notice is of import primarily because it is a jurisdictional prerequisite to a taxpayer's refund suit in the Tax Court. . . . . ."

■ Unfortunately for the taxpayer, the failure of the Commissioner to issue a deficiency letter under § 6861, which he is required to do under the law as determined by the Supreme Court, cannot be a basis for permitting an appeal in the Tax Court where the jurisdictional requirement that he have such a letter is not met. The Tax Court has no equity powers, and it has long been held that without a deficiency letter that court has no jurisdiction. This has been held by our Court to be true even under circumstances where the Commissioner had been found to be at fault for not carrying out his statutory duty to issue such a notice. *See Mason v. Commissioner of Internal Revenue,* 210 F.2d 388 (C.A. 5, 1954).

The judgment of the Tax Court is AFFIRMED.

---

1. § 6861(b) provides:

"*Deficiency letters.*—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment."