**Bruce PERLOWIN, Plaintiff-Appellee,**

v.

**Michael D. SASSI, District Director of Internal Revenue, San Francisco, California, and United States of America, Defendants-Appellants.**

No. 82–4530.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1983.

Decided July 29, 1983.

Herbert L. Zuckerman, Sills, Beck, Cummins, Zuckerman, Radin & Tischman, P.A., Newark, N.J., for plaintiff-appellee.

Terry L. Fredricks, Dept. of Justice, Washington, D.C., for defendants-appellants.

---

Before ANDERSON, SKOPIL and NORRIS, Circuit Judges.

PER CURIAM:

Taxpayer brought this action seeking to have a termination assessment decision declared invalid and to have the Internal Revenue Service enjoined from enforcing the assessment. The district court declared the assessment invalid, restrained the IRS from attempting any further collections pursuant to the assessment and ordered return of all seized assets. *Perlowin v. Sassi,* 544 F.Supp. 89 (N.D.Cal.1982).

The relevant facts are set out in the district court's opinion. We hold that the district court correctly interpreted the statutes. The court failed, however, to apply the equity standards for injunctive relief. We reverse and remand for further proceedings.

## ISSUE

Did the district court err in declaring a termination assessment invalid and in issuing an injunction?

## DISCUSSION

### A. Jurisdiction.

The IRS argues that this action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201. We agree with the district court that a statutory exception to the Anti-Injunction Act applies to this case.

Suits to enjoin the assessment of a deficiency are allowed if the taxpayer has not been mailed a notice of deficiency and afforded the opportunity for review in the Tax Court. 26 U.S.C. § 6213(a). The exception does not usually apply to assessments made under 26 U.S.C. § 6851 (termination assessments) or 26 U.S.C. § 6861 (jeopardy assessments). When, however, the IRS fails to assess as provided in those two sections, the exceptions are inapplicable. "In such cases, section 6213(a)'s exception to the Anti-Injunction Act becomes operative, and a suit to enjoin the collection of the ... deficiency may be brought."

*Laing v. United States,* 423 U.S. 161, 184 n. 27, 96 S.Ct. 473, 485 n. 27, 46 L.Ed.2d 416 (1976).

■ The Declaratory Judgment Act is coextensive with the Anti-Injunction Act despite the broader language of the former. *See California v. Regan,* 641 F.2d 721, 723 (9th Cir.1981). If suit is allowed under the Anti-Injunction Act, it is not barred by the Declaratory Judgment Act. *E.g., Eastern Kentucky Welfare Rights Organization v. Simon,* 506 F.2d 1278, 1285 (D.C.Cir.1974), *vacated on other grounds,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976).

### B. Merits.

Termination assessments are extraordinary devices employed when circumstances exist that make collection doubtful. Such assessments freeze a taxpayer's assets. *United States v. Doyle,* 660 F.2d 277, 280 (7th Cir.1981).

Congress specifically provided that following a termination assessment, the IRS must issue a notice of deficiency. 26 U.S.C. § 6851(b). Taxpayer argues that because the IRS failed to issue a notice of deficiency the assessment is invalid. The IRS asserts that section 6851(b) requires no deficiency notice when a taxpayer fails to file a return.

In *Laing* the Court held that the procedural safeguards mandated by the jeopardy assessment provisions must be read into the termination assessment provisions. *Laing,* 423 U.S. at 183–84, 96 S.Ct. at 485. Within 60 days after the assessment, the taxpayer must be sent a deficiency notice and be allowed to seek redetermination in the Tax Court. The Court applied the same 60-day rule to termination assessments despite the lack of explicit congressional intent. The Court reasoned that to deny the taxpayer the opportunity to litigate tax liability in Tax Court would be "out of keeping with the thrust of the Code, which generally allows income-tax payers access to that court.... Denying a Tax Court forum to a particular class of taxpayers is sufficiently anomalous that an intention to do so

should not be imputed to Congress when the statute does not expressly so provide." *Laing,* 423 U.S. at 176, 96 S.Ct. at 482.

After *Laing,* Congress amended the termination assessment provisions to provide that deficiency notices be sent to taxpayers. Congress did not utilize, however, the *Laing* 60-day rule. Instead, Congress provided that the IRS can wait until the end of the tax year. Then, the taxpayer must receive the deficiency notice within 60 days after the later of the due date of the tax return or the actual filing date of the return.

The district court noted that Congress "chose a procedure for sending notices of deficiency that differs slightly from the procedure articulated in *Laing* . . . ." *Perlowin,* 544 F.Supp. at 92. The lower court found, however, that "Congress was motivated by the same concerns which had prompted the Supreme Court to import the jeopardy termination safeguards into the termination assessment context." *Id.* That view is supported by legislative history that shows that Congress intended "a taxpayer who has been subjected to a termination assessment to contest the ultimate issue of his tax liability in the Tax Court in the same manner as is provided with respect to a taxpayer who has been subjected to a jeopardy assessment." S.Rep. No. 94–938, 94th Cong., 2d Sess. 367 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3796.

The district court recognized that section 6851(b) does not explicitly require a deficiency notice when the taxpayer fails to file. *Perlowin,* 544 F.Supp. at 93. Nevertheless, borrowing from the Code's jeopardy assessment provisions, the court reasoned that the deficiency can be calculated and notice be given. Using the *Laing* rationale, the district court found that the jeopardy assessment provisions can be used to require the IRS to issue a deficiency notice within 60 days of the later of the due date of the return or the date the taxpayer files. *Id.*

■ We agree with the district court that 26 U.S.C. § 6851(b) is ambiguous as to whether the IRS is required to issue a deficiency notice following a termination assessment when the taxpayer failed to file a return. Legislative intent is clear, however, that Congress meant the taxpayer to receive a deficiency notice. Otherwise, taxpayers would be precluded from "obtaining review of their deficiency amounts in the Tax Court." *Perlowin v. Sassi,* 544 F.Supp. 89, 93 (N.D.Cal.1982). Since the IRS failed to timely send the notice of deficiency, the court properly held the termination assessment invalid under 26 U.S.C. § 6213(a).

Even though the district court was correct in its interpretation of the statute, injunctive relief may have been improper. The section 6213(a) exception to the Anti-Injunction Act speaks permissively: "Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceedings or levy during the time such prohibition is in force *may* be enjoined by a proceeding in the proper court." (Emphasis added.)

■ We recently rejected the argument that proof of an improper assessment mandates injunctive relief. *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 313 (9th Cir.1982) (assessment made prior to a valid notice of deficiency). Along with a showing of improper assessment, the taxpayer must prove irreparable injury and an absence of an adequate legal remedy. *Id.; Philadelphia & Reading Corp. v. Beck,* 676 F.2d 1159, 1163 (7th Cir.1982) (upon showing of an illegal assessment, district court may refuse injunctive relief if taxpayer failed to prove irreparable harm or inadequacy of legal remedies).

■ Here, the taxpayer plead that he was irreparably harmed by the seizure of assets and that he had no adequate legal remedy. The record does not reflect, however, taxpayer's proof of these equity considerations. The district court granted injunctive relief without expressly assessing these factors.

Accordingly, we REVERSE and REMAND to allow the court to properly consider these factors.