## ALVARO RAMIREZ, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12373-85.          Filed September 23, 1986.

*Sidney A. Soltz*, for the petitioner.
*Susan Wynne*, for the respondent.

GOFFE, *Judge*: This case is before us on respondent's motion to dismiss for lack of jurisdiction based upon the petition's being filed more than 3 years after the mailing of the statutory notice of deficiency. We must now decide if a statutory notice of deficiency, mailed subsequent to a termination assessment by the Commissioner, but not within the specified period set forth in section 6851(b),[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.

deprives this Court of jurisdiction. If not, we must also decide whether the statutory notice of deficiency was mailed to petitioner at his "last known address" within the meaning of section 6212(b).

FINDINGS OF FACT

Alvaro Ramirez (petitioner) resided in Bogota, Colombia, South America, at the time he filed his petition in this case.

On August 8, 1980, the District Director of Internal Revenue terminated petitioner's taxable year effective July 3, 1980, and assessed income tax in the amount of $1,990,271 under the provisions of section 6851. On August 11, 1980, the District Director mailed a letter to petitioner at 17011 N. Bay Road, Apt. 119, Miami Beach, Florida 33160, notifying petitioner that he had ordered a termination assessment against petitioner under section 6851 for the taxable period from January 1, 1980, to July 3, 1980, in the amount of $1,990,271.

On August 14, 1980, petitioner executed a power of attorney appointing Sidney A. Soltz and another person as his attorneys-in-fact with regard to his income tax liability arising out of the "termination assessment for the period ended July 3rd, 1980." The preprinted IRS power of attorney form executed by petitioner included the following provision:

Copies of notices and other written communications addressed to the taxpayer(s) in proceedings involving the above matters should be sent to * * * :

> Sidney A. Soltz, Esq.
> 19 West Flagler Street
> Miami, Florida 33130      phone: (305) 358-5157

Petitioner gave 17011 North Bay Road, Apt. 200, North Miami Beach, Florida 33160, as his address on the power of attorney form.

After exhausting his administrative remedies, petitioner brought a civil action against the United States in U.S. District Court for the Southern District of Florida to challenge the termination assessment under section 7429(b). In its order dated December 5, 1980, finding the termination assessment proper, the District Court said in part:

[the foregoing] points toward and corroborates plaintiff's personal liability for income tax and is sufficient to justify the use of the termination assessment procedures and provides a reasonable basis for the making and issuance of the termination assessment against plaintiff in this case. There was a strong likelihood that plaintiff would flee the country, as he has in fact done, which indicated that collection of the tax liability was in jeopardy and justified the action by the Government. * * *

The District Court also noted that respondent conceded that petitioner's assessed tax liability must be reduced from $1,990,271 to $1,613,129 because of an error in calculating the correct amount of tax. The Commissioner had not mailed a statutory notice of deficiency to petitioner with respect to the taxable year 1980 at the time of the District Court's ruling.

On May 10, 1982, the Commissioner mailed duplicate statutory notices of deficiency in which he determined a deficiency in petitioner's income tax liability for the taxable year 1980. The deficiency was the same amount, less small reductions allowed by the Commissioner, that was assessed against petitioner pursuant to the termination of his taxable year, plus additions to tax under sections 6651(a)(1), 6653(a), and 6654. Duplicate originals were mailed to petitioner by certified mail in separate envelopes addressed as follows:

| | |
|---|---|
| 17011 North Bay Road | 17011 North Bay Road |
| Apartment 200 | Apartment 119 |
| Miami Beach, Florida 33160 | Miami Beach, Florida 33160 |

On May 19, 1982, both envelopes were returned by the postal service stamped to indicate that petitioner had moved and left no forwarding address.

On January 12, 1983, petitioner's attorney, Soltz, wrote the following letter to the District Director and enclosed a copy of the power of attorney executed by petitioner on August 14, 1980:

Re: Alvaro Ramirez
    Termination Assessment
    1/01/80 through 7/03/80

Dear Sir:

Enclosed herewith find copy of Power of Attorney authorizing the undersigned to represent Mr. Ramirez in connection with the above matter. The original was previously filed with the Internal Revenue Service sometime in 1980.

It would be appreciated if you could advise this office as soon as possible whether or not a Statutory Notice (90-Day Letter) was ever issued in this matter and if so, it is requested that a copy be sent to the undersigned.

In a subsequent telephone conversation, an IRS representative informed Soltz that a notice of deficiency had been mailed, but that the representative no longer retained a copy.

Soltz filed an income tax return for the full taxable year 1980 on behalf of petitioner although the date of filing is unknown.

In January 1984, the Commissioner mailed to petitioner a request for payment of taxes for the taxable year 1980. This request was mailed to petitioner at the following address: Alvaro Ramirez, c/o Sidney A. Soltz, 19 W. Flagler Street, Miami, Florida 33130.

On May 13, 1985, petitioner filed his petition in this case, more than 3 years after the mailing of the duplicate notices of deficiency. Respondent filed original and amended motions to dismiss for lack of jurisdiction on July 12, 1985, and July 16, 1985, respectively. Petitioner filed objections to the original and amended motions of respondent and the Court held a hearing at Miami, Florida, at which time the parties made oral arguments and offered the testimony of witnesses and exhibits.

## OPINION

Congress delegated to the Commissioner authority to immediately assess income tax liabilities when the collection thereof is in jeopardy. This extraordinary power, found in sections 6851 and 6861, is an exception to the usual procedure whereby assessment can be made only after a notice of deficiency is mailed and the taxpayer is given a prepayment opportunity to petition this Court for a redetermination of the deficiency. Secs. 6212, 6213. Provided other prerequisites are satisfied, a termination assessment under section 6851 is the appropriate tool whenever the collection of income tax is found to be jeopardized at any time during the current taxable year or the immediately preceding taxable year. A jeopardy assessment under sec-

tion 6861 is appropriate after the due date for the taxpayer's return for the previous year. See sec. 6851(a)(4).

The power to assess under section 6851 may be used whenever the Commissioner finds that there is an imminent danger that the taxpayer, by leaving the country, concealing his property, or otherwise, will prevent effective proceedings to collect income tax. After finding the requisite peril to the effective collection of income tax, the Commissioner is empowered by section 6851 to terminate the taxpayer's taxable year and immediately assess the tax due. However, the termination of the taxable year under section 6851 does not create 2 short taxable years; the taxable year of the taxpayer remains the same. Staff of J. Comm. on Taxation, General Explanation of Tax Reform Act of 1976, at 363 (J. Comm. Print 1976) (hereinafter referred to as General Explanation). The "termination" of the taxable year under section 6851 is a technical one; any amounts assessed and paid thereunder are treated in a manner similar to those collected as estimated tax payments for the full calendar taxable year. General Explanation, *supra.*

Although Congress has granted the Commissioner great powers in jeopardy situations, these powers are tempered by the opportunity of the taxpayer for administrative and summary judicial review found in section 7429. Under section 7429, which was enacted as part of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, the Commissioner must provide the taxpayer with written notification of and the basis for the jeopardy or termination assessment. Sec. 7429(a)(1). The taxpayer may then pursue an administrative review of the reasonableness of the assessment. Sec. 7429(a)(2), (3). After exhausting the opportunity for administrative review, the taxpayer may bring a civil action against the United States in U.S. District Court. If the District Court finds the assessment to have been unreasonable under the circumstances it is empowered to order the Commissioner "to abate such assessment, to redetermine * * * the amount assessed or demanded, or to take such other action as the court finds appropriate." Sec. 7429(b)(3). The authority to bring suit under section 7429(b) is an exception to the general prohibition against suits to restrain the assessment or collection of taxes. Sec. 7421(a).

Although a taxpayer must challenge the propriety of a termination or jeopardy assessment in the District Court under section 7429(b), Congress has made clear that access to the Tax Court to litigate the tax liability of the taxpayer on the merits is not to be foreclosed. Secs. 6851(b), 6861(b). Furthermore, access to this forum, predicated upon the mailing of a notice of deficiency, is to be provided promptly.

Following a termination assessment under section 6851, the Commissioner is required to mail a notice of deficiency within 60 days of the later of (1) the due date of the taxpayer's return for the full taxable year during which the termination assessment was made or (2) the date the taxpayer files such return. Sec. 6851(b). The notices of deficiency were mailed on May 10, 1982, clearly more than 60 days after the due date for petitioner's 1980 return. Petitioner's attorney filed a return on his behalf but no evidence was offered as to when the return was filed. Even if the return was timely filed, the period of limitations on assessment would not have expired under section 6501 on May 10, 1982, when the statutory notices were mailed. Nevertheless, petitioner contends that because the Commissioner did not mail a notice of deficiency within 60 days of the due date of his return, the notice of deficiency was invalid regardless of his failure to file a return.[2] We conclude that even if the notice of deficiency was untimely under section 6851(b), our jurisdiction in this case is unaffected.

Petitioner's arguments affect our jurisdiction only if the accelerated time table for the issuance of a notice of deficiency constitutes a statute of limitations separate from the general 3-year period of limitations found in section 6501. In a similar case involving a jeopardy assessment under section 273(b) of the Internal Revenue Code of 1939, now section 6861, we held that the accelerated period provided for issuing the notice of deficiency under section

---

[2]In support of this argument petitioner cites the decision of the Court of Appeals for the Ninth Circuit in *Perlowin v. Sassi*, 711 F.2d 910 (9th Cir. 1983). In *Perlowin*, the Court of Appeals affirmed the findings of the District Court that sec. 6851(b), requiring the issuance of a notice of deficiency within 60 days of the *later* of the due date of the taxpayer's return or the date such return is actually filed, is ambiguous in the case of a taxpayer who fails to file a return, and held that in the case of a nonfiling taxpayer the Commissioner must send a notice of deficiency within 60 days of the due date for the taxpayer's return covering a year in which a termination assessment is made. 711 F.2d at 912.

6861(b) was not jurisdictional. *Teitelbaum v. Commissioner*, 40 T.C. 223 (1963). In *Teitelbaum* we concluded:

> The involved statute is by legislative history, H. Rept. No. 356, 69th Cong., lst Sess. (1926), 1939-1 C.B. (Part 2) 370, intended to be, not a limitation upon the allowable period for respondent's issuance of a deficiency notice, but is rather, as contended by respondent, a limitation upon the conditions under which respondent may maintain and keep in force a jeopardy assessment made prior to his issuance of a deficiency notice. * * * The mere fact that a jeopardy assessment may be illegal has no bearing upon the jurisdiction of this Court to adjudicate liability for the correct tax. [40 T.C. at 227.]

We find the same statement applicable to the requirement that a notice of deficiency be mailed following a termination assessment under section 6851. The legislative history of section 6851(b) makes clear that the taxpayer's opportunity to receive a notice of deficiency following a termination assessment was designed to place such taxpayers on equal footing with taxpayers who had been subjected to a jeopardy assessment under section 6861. S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 405. Because the notices of deficiency were mailed to petitioner well within the 3-year period of limitations,[3] a petition filed more than 90 days after the date the notice was mailed is untimely and we must grant respondent's motion to dismiss unless the notice was otherwise invalid.[4]

We now turn to petitioner's claim that the notices of deficiency mailed on May 10, 1982, were not addressed to petitioner's "last known address" within the meaning of

---

[3] We note that under sec. 6501(c)(3) the 3-year period of limitations did not begin to run until such time as the petitioner filed an income tax return for the taxable year 1980.

[4] At the hearing on the motion before us, petitioner seemed to request that we abate the termination assessment because the Commissioner failed to mail the notice of deficiency within 60 days of the due date of his return in accord with *Perlowin v. Sassi, supra*. We have no jurisdiction to do so. See sec. 7429. Petitioner should have raised any procedural defects in the termination, namely the failure of the Commissioner to mail the notice of deficiency, in the proceeding before the District Court. If the District Court found the failure to mail a notice of deficiency within 60 days of the due date of petitioner's return to be a procedural defect in the termination assessment, it could have ordered the assessment abated or, more likely, issued an injunction preventing further collection efforts under the assessment until a notice of deficiency was issued. See, e.g., *L.O.C. Industries, Inc. v. United States*, 423 F. Supp. 265 (M.D. Tenn. 1976). By taking up his claim with the District Court petitioner would have obtained the protections from unreasonable assessments provided in sec. 7429 and would have obtained his "ticket to the Tax Court" allowing him to litigate his 1980 tax liability on the merits. See *Musso v. Commissioner*, 531 F.2d 772 (5th Cir. 1976), affg. a Memorandum Opinion of this Court. As it stands, respondent ultimately mailed a notice of deficiency to petitioner and, therefore, he was not denied access to this forum to litigate his tax liability on the merits.

section 6212(b). If we find that the notices were mailed to petitioner's last known address, then we must grant respondent's motion to dismiss for lack of jurisdiction because of the untimeliness of the petition. *Weinroth v. Commissioner*, 74 T.C. 430, 434-435 (1980).

For purposes of section 6212(b)(1) a taxpayer's last known address is the address, determined by a consideration of all relevant circumstances, which respondent reasonably believes the taxpayer wishes to have respondent use in sending mail to him. *Clark's Estate v. Commissioner*, 173 F.2d 13 (2d Cir. 1949); *Lifter v. Commissioner*, 59 T.C. 818, 821 (1973). To be sufficient under section 6212(b), the taxpayer need not actually receive a notice of deficiency if it is mailed to the taxpayer's last known address. Although the Commissioner must exercise reasonable diligence in ascertaining the taxpayer's correct address (*Arlington Corp. v. Commissioner*, 183 F.2d 448, 450 (5th Cir. 1950), revg. and remanding a Memorandum Opinion of this Court), the burden necessarily falls upon the taxpayer to keep the Commissioner informed of his correct address. *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Ordinarily, unless the taxpayer clearly gives notice of a different address, the Commissioner may rely upon the address shown on the tax return for the year to which the deficiency relates. *Lifter v. Commissioner, supra.* However, there is no evidence before us to show when petitioner's return was filed. The return bears a Bogota, Colombia, address. Therefore, we must examine all of the information available to the Commissioner when the notices of deficiency were mailed to petitioner at two Miami addresses.

The District Director mailed the notice of termination assessment required under section 7429(a) to petitioner at 17011 N. Bay Road, Apt. 119, Miami Beach, Florida 33160, on August 11, 1980. The fact that petitioner received this notice, either personally or by someone acting on his behalf, is clearly demonstrated by the fact that petitioner promptly executed a power of attorney appointing attorneys-in-fact to represent petitioner with respect to the termination assessment. This power of attorney reflected a different apartment number, 17011 N. Bay Road, Apt. 200, and city,

*North* Miami Beach rather than Miami Beach. The Commissioner was aware no later than December 5, 1980, the date of the order of the District Court upholding the reasonableness of the termination assessment, that petitioner had left the United States for Colombia. However, petitioner did not notify the Commissioner of any new address at which he desired to receive correspondence. The Commissioner did not have an address for petitioner in Colombia until his attorney filed the 1980 income tax return. The date of filing that return is not in evidence. We suspect that the return was filed long after the notices of deficiency were mailed.

Based on the foregoing we conclude the notice of deficiency addressed to petitioner at 17011 N. Bay Road, Apt. 200, Miami Beach, Florida, was properly mailed to petitioner at his last known address. In this regard, we note that the address given for petitioner in the power of attorney was in *North* Miami Beach, while the notices of deficiency were addressed to petitioner in Miami Beach, Florida. However, the street address, apartment number, and zip code were identical. Moreover, petitioner, who had left the country when the notices of deficiency were mailed, has not demonstrated that he would have received a notice of deficiency mailed to him at North Miami Beach. On these facts, we do not think that petitioner was prejudiced by this minor discrepancy even though he failed to file a timely petition. See *Looper v. Commissioner*, 73 T.C. 690, 698-699 (1980).

Our holding on this issue necessarily implies that respondent used reasonable diligence in ascertaining petitioner's address for purposes of mailing the notices of deficiency. Although the IRS knew at some unknown point in time when the return was filed that petitioner no longer resided in the United States, the IRS, nevertheless, could have contacted petitioner's attorney in an attempt to ascertain petitioner's current address. However, this, standing alone, together with the lack of evidence as to the filing date of the return, does not convince us that respondent failed to use reasonable diligence in ascertaining petitioner's new address. Therefore, respondent mailed duplicate notices of deficiency to the only mailing addresses of petitioner reflected in the administrative files. Moreover, petitioner

left the country and did not provide respondent with a new address.

Despite our holding, we admit some distress at the failure of the IRS to mail *copies* of the notices of deficiency to petitioner's counsel of record in accordance with the request found in a valid power of attorney. One of the reasons stated for not supplying the requested copies was that the power of attorney executed by petitioner covered only the terminated taxable period rather than the full tax year covered by the notice of deficiency. Inasmuch as the IRS knew or should have known that the so-called short taxable year created by a termination assessment is a fiction that does not alter the actual taxable year of the taxpayer, we find this excuse implausible. Another, more plausible, reason given for failing to mail copies to petitioner's attorney was that the IRS construed a power of attorney covering the "termination assessment for the period ended July 3rd, 1980" as being given only for the purpose of representing petitioner before the IRS in the administrative review of such assessments under section 7429. We also note that a request for payment of taxes was sent to petitioner at his attorney's office, albeit almost 2 years following the mailing of the notices of deficiency. In any event, a request in a power of attorney that *copies* of all relevant documents be sent to petitioner's attorney-in-fact has consistently been interpreted as merely a matter of courtesy and not petitioner's last known address to which an original notice of deficiency must be sent. *Estate of McElroy v. Commissioner*, 82 T.C. 509, 513 (1984); *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967); *Allen v. Commissioner*, 29 T.C. 113, 117 (1957); but see *Johnson v. Commissioner*, 611 F.2d 1015, 1020 (5th Cir. 1980),[5] revg. and remanding a Memorandum Opinion of this Court.

[5]In *Johnson v. Commissioner*, 611 F.2d 1015 (5th Cir. 1980), revg. and remanding a Memorandum Opinion of this Court, the Fifth Circuit held that the Commissioner had not used reasonable diligence to ascertain the taxpayer's last known address. We find the facts in *Johnson* to be easily distinguishable from those before us. In *Johnson*, the taxpayer submitted a power of attorney, which substituted a new address. The IRS misplaced the power of attorney and, as a result, mailed the notice of deficiency to the taxpayer's old address. This error was exacerbated by the fact that the taxpayer orally notified the IRS of his change in address. Finally, the Court relied upon the fact that a concurrent criminal investigation of the taxpayer provided the IRS with sufficient notice of the taxpayer's change of address. These factors are not present in the case before us. See *Foster v. Commissioner*, T.C. Memo. 1982-115. Furthermore, the Fifth Circuit was careful to limit its decision in *Johnson* to its particular facts:

Because petitioner filed a petition with this Court more than 90 days following the mailing of a timely notice of deficiency mailed to him at his last known address, the petition is insufficient to confer jurisdiction upon this Court. Sec. 6213(a). Accordingly, respondent's motion to dismiss is granted. To reflect the foregoing,

*An appropriate order will be entered.*

"We wish to emphasize that our holding is narrowly limited to the peculiar facts and circumstances of this case and is not meant as authority for requiring the Commissioner to adopt new procedures for sending statutory notices of deficiency. * * * [611 F.2d at 1021.]"

In any event, an appeal in the instant case would lie in the U.S. Court of Appeals for the District of Columbia because petitioner resided in Bogota, Colombia, when he filed his petition herein. Sec. 7482(b).