835 F.2d 196
 61 A.F.T.R.2d 88-362, 88-1 USTC P 9130
 James L. JENSEN, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE; District Director, Internal
Revenue Service; Named Agents, Hirelings and Associates of
the Above; Unnamed Corporations; Unnamed Individuals as
John and Jane Doe; Secretary of the Treasury, Defendants- Appellees.
 No. 86-1661.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 10, 1987.*
Order and Opinion Filed Dec. 22, 1987.
 
 James L. Jensen, pro per, North Las Vegas, Nev., for plaintiff-appellant.
 Roger M. Olsen, Tax Div., Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed October 6, 1987 is withdrawn. It is replaced by the opinion filed herewith.
 
 
 2
 The panel has voted to deny the parties' petitions for rehearing. Judges Farris and Thompson have voted to reject the suggestion for a rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for an en banc hearing, and no judge of the court has requested a vote on it. Fed.R.App.P. 35(b).
 
 
 4
 The parties' petitions for rehearing are denied and the suggestion for a rehearing en banc is rejected.
 
 OPINION
 DAVID R. THOMPSON, Circuit Judge:
 FACTS AND PROCEEDINGS
 
 5
 James L. Jensen filed a complaint in the district court contesting the IRS' levy on his wages. He alleged, among other things, that the IRS had not complied with pre-levy notice requirements of the Internal Revenue Code. The district court determined that the action was barred by the Anti-Injunction Act, 26 U.S.C. Sec. 7421, and dismissed it for lack of subject matter jurisdiction. Jensen appealed and applied to this court for an injunction. We issued an injunction pending appeal enjoining the IRS from making further levies on Jensen's wages.
 
 
 6
 We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand the case to the district court for further proceedings.
 
 1. Jurisdiction
 
 7
 The IRS treated the allegations of Jensen's complaint as true for purposes of its motion to dismiss. The district court did the same. It did not make any findings. Cf. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985) (a district court's factual findings on jurisdictional issues must be accepted unless they are clearly erroneous). On the record before us, we also treat the allegations of Jensen's complaint as true. We review de novo the district court's dismissal for lack of subject matter jurisdiction. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986).
 
 
 8
 Actions to enjoin the collection of taxes are narrowly limited by the Anti-Injunction Act (the Act), 26 U.S.C. Sec. 7421. If a taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks subject matter jurisdiction and must dismiss the complaint. See 26 U.S.C. Sec. 7421; Alexander v. "Americans United", 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974); Bob Jones University v. Simon, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).
 
 
 9
 Once a taxpayer satisfies one of the exceptions to the Act, he is no longer jurisdictionally barred from seeking an injunction. See Perlowin v. Sassi, 711 F.2d 910, 911 (9th Cir.1983). In his complaint, Jensen alleged that the IRS failed to comply with the notice provisions of 26 U.S.C. Secs. 6212(a) and 6213(a) before levying on his wages. Section 6213(a) expressly provides that a levy may be enjoined "notwithstanding the provisions of section 7421(a)." The district court had jurisdiction to hear Jensen's suit. See Laing v. United States, 423 U.S. 161, 184 n. 27, 96 S.Ct. 473, 485 n. 27, 46 L.Ed.2d 416 (1975); Perlowin, 711 F.2d at 911.
 
 2. Equitable Grounds for Injunctive Relief
 
 10
 To establish equitable grounds for an injunction, the taxpayer must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313-14 (9th Cir.1982).
 
 
 11
 The district court determined that Jensen had not alleged sufficient equitable grounds for injunctive relief, and that dismissal of his case was mandated by our opinion in Cool Fuel. In Cool Fuel, the district court granted summary judgment in favor of the IRS on the taxpayer's suit for injunctive relief. There, despite inadequate notice, the taxpayer had the ability to pay the tax and file a suit for refund in the district court; equitable grounds for relief were lacking. Here, however, Jensen alleged he was unable to pay the claimed deficiency. The record before us indicates that Jensen earned $1,087.38 per month and the IRS seized $664.76 of these earnings. After other deductions Jensen was left with $144.82 per month to support his family of five.[1] If these facts are true, and if Jensen had no other income or assets at his disposal from which he might pay the claimed deficiencies, the levy on his wages caused more than monetary harm. It deprived Jensen of the ability to provide necessities of life for himself and family. Cf. Lopez v. Heckler, 713 F.2d 1432, 1436-38 (9th Cir.) (distinguishing deprivation of the necessities of life from monetary harm compensable at a later time), rev'd in part on other grounds, 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431 (1983). Moreover, the alleged failure by the IRS to give Jensen notice of the deficiency deprived him of his opportunity to challenge the claimed deficiency in the tax court without having to pay the tax. See Abrams v. Commissioner, 14 F.2d 1356, 1357 (9th Cir.1987) (tax court lacked jurisdiction to hear a taxpayer's petition for redetermination of taxes because no notice of deficiency was given). This deprivation of the opportunity to litigate a tax liability before paying the tax can cause substantial hardship to a taxpayer. Granquist v. Hackleman, 264 F.2d 9, 14 (9th Cir.1959). Such a deprivation is also "out of keeping with the thrust of the Code." Laing, 423 U.S. at 176, 96 S.Ct. at 482.[2]
 
 CONCLUSION
 
 12
 We conclude that the district court erred in dismissing Jensen's complaint for lack of subject matter jurisdiction and in determining that Jensen had not alleged sufficient facts to support his claim for injunctive relief to prevent further levies on his wages by the IRS pending its compliance with 26 U.S.C. Secs. 6212(a) and 6213(a). We remand the case to the district court for further proceedings to determine whether the IRS has complied with the notice requirements of these sections. If the required notice has not been given, the district court will have jurisdiction to hear Jensen's claim for injunctive relief. The district court will then have to determine whether equitable grounds for such relief exist.
 
 
 13
 We do not decide the question whether a mandatory injunction should issue to require the IRS to return to Jensen whatever money it has heretofore received as a result of any alleged improper levies. See Martinez v. U.S., 669 F.2d 568, 569 (9th Cir.1981); cf. 26 U.S.C. Sec. 7422(a).[3]
 
 
 14
 The injunction which we previously issued to preclude further levies on Jensen's wages pending appeal is continued in force pending further proceedings in the district court as required by this opinion. Each party shall bear his and its own costs for this appeal.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 Jensen was apparently allowed to exempt $300 per month from the levy under regulations made pursuant to 26 U.S.C. Sec. 6334(a)(9)
 
 
 [2]
 The court is aware that monetary harm does not usually establish irreparable harm in analyzing equitable grounds for injunctive relief. See Sampson v. Murray, 415 U.S. 61, 88-92, 94 S.Ct. 937, 951-54, 39 L.Ed.2d 166 (1974). This case, however, includes allegations not only of severe monetary deprivation, but loss of a valuable administrative remedy as well
 
 
 [3]
 In addition to the claims heretofore addressed, Jensen alleged a number of other claims in his complaint. He also presented numerous motions to the district court. On appeal, he argues the district court erred in dismissing these various other claims and in denying his motions. These contentions are completely without merit and warrant no further discussion. Jensen's motions presented to this court to "quiet title" and to "exempt federal judges from income tax" are denied