BENEDETTO ROMANO, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 621–85.          Filed December 13, 1993.

*Murray Appleman*, for petitioner.
*Catherine Chastanet*, for respondent.

## OPINION

WELLS, *Judge*: The instant case is before us on respondent's motion for summary judgment[1] and motion to impose damages under section 6673. Respondent determined a deficiency in petitioner's Federal income tax as follows:

|  | | *Additions to tax* | |
| *Year* | *Deficiency* | *Sec. 6653(a)(1)* | *Sec. 6653(a)(2)* |
| 1983 | $191,895.19 | $9,594.76 | [1] |

[1] 50 percent of the interest due on the portion of the deficiency due to negligence.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time he filed the petition in the instant case, petitioner resided in New York, New York. On November 17, 1983, as petitioner and his wife were attempting to enter Canada from the United States, U.S. Customs agents discovered and seized $359,500 in U.S. currency from petitioner.

On the same day, upon being informed of the seizure, respondent issued a termination assessment against petitioner for $169,981. On October 11, 1984, after petitioner

---

[1] Respondent filed a document entitled respondent's motion for an order to show cause why petitioner should not be bound by the District Court's determination of petitioner's 1983 Federal income tax liability, which the Court filed as a motion for summary judgment.

failed to file a Federal income tax return for his 1983 taxable year, respondent issued petitioner a statutory notice of deficiency for petitioner's 1983 taxable year, encompassing the 1983 calendar year through December 31, 1983. Respondent's motion states that the statutory notice erroneously refers to a "jeopardy assessment" instead of a "termination assessment". Such assessment is hereinafter referred to as the termination assessment. The notice of deficiency included as income the amount calculated under the termination assessment and estimated amounts for wages and salary, interest income, and cost of living. Respondent's motion states that, if res judicata applies in the instant case, then respondent concedes that the estimated wages and salary, interest income, and cost of living items determined in the notice of deficiency are not includable in petitioner's gross income for his 1983 taxable year.

On January 9, 1985, petitioner filed his petition in the instant case. Subsequently, proceedings were held in abeyance pending a criminal tax evasion charge that was being prosecuted against petitioner and the forfeiture proceeding described below, seeking forfeiture of the $359,500 in seized funds.

Meanwhile, during November 1989, when the statute of limitations on assessment and collection of the 1983 termination assessment was about to expire, the United States filed a suit in the U.S. District Court for the Eastern District of New York seeking to reduce the termination assessment to judgment pursuant to section 7402(a). On December 19, 1990, the District Court granted summary judgment in favor of the United States in the amount of $169,981 plus statutory interest, as allowed by law, for taxes owed pursuant to the termination assessment.

Petitioner appealed the District Court judgment to the U.S. Court of Appeals for the Second Circuit on the ground that the District Court lacked subject matter jurisdiction due to the pending Tax Court proceeding. On May 6, 1992, the Court of Appeals affirmed the judgment of the District Court, holding that the Tax Court and U.S. District Courts have concurrent jurisdiction to determine a taxpayer's income tax liability pursuant to section 7402(a). On October 5, 1992, the Supreme Court denied petitioner's petition for a writ of certiorari.

Separately, a forfeiture case was proceeding in the U.S. District Court for the Western District of New York with respect to the $359,500 in cash seized from petitioner by the U.S. Customs agents on November 17, 1983. *United States v. $359,500 in United States Currency*, 645 F. Supp. 638 (W.D.N.Y. 1986), revd. and remanded 828 F.2d 930 (2d Cir. 1987) (the forfeiture case). In the forfeiture case, the District Court held that a civil forfeiture, based on a failure to declare currency prior to transporting it out of the country, requires that the owner of the currency have actual knowledge of an obligation to report the currency. The District Court held that even if the statute does not require actual knowledge, some notice must be provided as a matter of due process, and because it was undisputed that no signs or other form of notice existed, the owner could not be deprived of the currency. The Court of Appeals reversed, holding that actual knowledge of an obligation to report the currency was not required. Additionally, the Court of Appeals remanded the forfeiture case for a decision as to whether the notice required by due process could be satisfied by charging petitioner with constructive knowledge of an obligation to report. Petitioner's response to the instant motion states that the District Court has not, as of filing his response, decided such issue.

Rule 121(b) provides that summary judgment may be rendered if the pleadings and admissions show that no genuine issue exists as to any material fact and that a decision may be rendered as a matter of law. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that no genuine issue of material fact exists. *Marshall v. Commissioner*, 85 T.C. 267, 271 (1985). The facts are viewed in a light most favorable to the nonmoving party. *Jacklin v. Commissioner*, 79 T.C. 340, 344 (1982).

Respondent contends that the doctrine of res judicata prevents petitioner from contesting his Federal income tax liability for his 1983 taxable year. Respondent contends that res judicata applies in the instant case because the District Court decided, on the merits, that petitioner is liable for income taxes for taxable year 1983 in the amount of $169,981 plus statutory interest as allowed by law. Petitioner argues that the District Court decision is not res judicata because the Tax Court's jurisdiction to determine a deficiency

in the instant case would be usurped and that a decision prior to the conclusion of the forfeiture case would be a duplicative use of judicial resources.

The doctrine of res judicata is founded in the public policy that litigation must end and that the result should bind those who have contested the issue. *Shaheen v. Commissioner*, 62 T.C. 359, 363 (1974). Generally, res judicata applies to repetitious suits involving the same cause of action. *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948). The rule of res judicata provides:

that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. [*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); citations omitted.]

When a claim of liability relating to a particular tax year is litigated, "a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year." *Commissioner v. Sunnen, supra* at 598.

When a termination assessment is determined by the Secretary to be justified, the tax is assessed and becomes immediately due and payable. Sec. 6851(a)(1); sec. 1.6851-1(a), Income Tax Regs. The tax so assessed is tax for the period beginning on the first day of the current taxable year and ending on the date of the assessment. Sec. 6851(a)(2); sec. 1.6851-1(a)(2), Income Tax Regs. Consequently, the termination assessment terminates the taxable year for the purpose of computing the amount of tax to be assessed and collected under the expedited termination assessment procedure. In the instant case, that termination occurred on November 17, 1983. It, however, did not terminate the taxable year for all purposes, and it clearly did not cut short the taxable year for the purpose of issuing a notice of deficiency. The termination of the taxable year does not create 2 short taxable years; the taxpayer's taxable year remains the same. *Ramirez v. Commissioner*, 87 T.C. 643, 647 (1986). Section 6851(b) requires that a notice of deficiency based on the taxpayer's "full taxable year (determined without regard to any

action taken under subsection (a))" be sent after the assessment under section 6851.

The issue involved in the instant motion appears to be one of first impression. Although the Court of Appeals for the Second Circuit[2] held that the District Court had jurisdiction to reduce the termination assessment to judgment notwithstanding the pendency of the deficiency proceedings in this Court, nothing in the Second Circuit's order affirming the District Court indicates that the District Court undertook to determine petitioner's final liability for the entire year. Indeed, it is apparent that the District Court only exercised its jurisdiction over the termination assessment, which only covered the period January 1, 1983, through November 17, 1983.

There is no indication that the District Court decided the merits of petitioner's tax liability for the entire 1983 taxable year when it rendered summary judgment for taxes and interest petitioner owed pursuant to the termination assessment. For example, if petitioner had a loss which he recognized on or after November 18, 1983, and before January 1, 1984, it could affect tax liability for the entire 1983 taxable year. Consequently, it is entirely possible that the amount collected as a result of the termination assessment, which must be treated as a payment of tax for 1983 under section 6851(a)(3), could result in an overpayment of tax for 1983. Cf. *Ramirez v. Commissioner*, 87 T.C. 643, 647 (1986).

Although respondent, for the purpose of the instant motion, conditionally concedes the additional income determined in the notice of deficiency in the event we should decide that res judicata applies, such items nonetheless affect petitioner's final tax liability for 1983. Also in issue are the additions to tax determined in the notice of deficiency. As one of the requirements for the application of res judicata is missing in the instant case, that is, a final judgment on the merits of petitioner's tax liability for his entire 1983 taxable year, the doctrine of res judicata does not apply to the instant case.

Our conclusion is supported by the legislative history of section 6851, which was enacted as a part of the Tax Reform

---

[2] Absent stipulation to the contrary, venue for any appeal of the instant case would lie in the Second Circuit.

Act of 1976, Pub. L. 94-455, 90 Stat. 1520. The legislative history shows that Congress was concerned about determining a taxpayer's tax liability based upon less than a full taxable year. The Joint Committee report states:

Since the Act provides this special proceeding whereby the taxpayer can have both administrative and judicial review of the appropriateness of the jeopardy or termination assessment within as few as 40 days after the making of such assessment, Congress believed it is appropriate to provide that the making of a termination assessment does not terminate a taxable year, create a deficiency, or require the Service to give the taxpayer a notice of deficiency within 60 days of a termination assessment. The decision in the *Laing*[3] case interprets prior law to require such a notice within 60 days of the making of the termination assessment since it regards the amount assessed pursuant to such an assessment as a deficiency. This approach, however, would have the effect of requiring courts to make a determination of tax liability based upon less than a full taxable year. Such a determination appears to be inconsistent with the provisions of section 6851(b) (prior to its amendment) allowing the taxable year to be *reopened after termination until its normal end* if the taxpayer has income after the termination. The requirement of multiple short taxable years could not only create administrative problems for the Service, but also could result in detriment to the taxpayer whose income tax liability might be greater because of the multiple years.

Therefore, the Act revises section 6851 to provide that a termination assessment does not end the taxable year for any purpose other than the computation of the amount of tax to be assessed and collected. Also, the language relating to reopening of a taxable year is eliminated. This has the general effect of treating amounts assessed and collected pursuant to termination assessments in a manner similar to the collection of estimated taxes. Such an enforced collection, however, is subject to the administrative and judicial review described above, but it does not have the effect of terminating the taxpayer's taxable year. Rather, such taxable year continues until its normal end.

Congress believes it is appropriate to allow a taxpayer who has been subjected to a termination assessment to contest the ultimate issue of his tax liability in the Tax Court in the same manner as is provided with respect to a taxpayer who has been subjected to a jeopardy assessment. Consequently, the Act provides that within 60 days after the later of the due date of the taxpayer's return for the full taxable year or the date on which the return is actually filed, the Service must send the taxpayer a notice of deficiency.

[Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, at 363 (J. Comm. Print 1976); fn. refs. omitted.]

Consequently, we hold that petitioner is not foreclosed from his "day in court" in this Court to have his liability for

---

[3] *Laing v. United States*, 423 U.S. 161 (1976).

his entire 1983 taxable year decided. Accordingly, we deny respondent's motion. For the same reasons, we deny respondent's motion for damages under section 6673.

To reflect the foregoing,

*An appropriate order will be issued.*